JAMES TODD, THOMAS WARREN, TRISTRAM G. MITCHELL, WIL-
LIAM C. MITCHELL, AND WOODBURY STORER, ADMINISTRATOR
OF ISRAEL WATERHOUSE, DECEASED, v. CHARLES DANIEL,
COMPLAINANT AND APPELLEE.

Motion to dismiss an appeal. The appellants were the original defendants. After the decree of the Circuit Court, an appeal was claimed by all the defendants, and allowed by the Court. A part of the defendants, who had originally claimed the appeal, before any further proceedings abandoned it; and the residue of them, excepting Todd, have, since the appeal was filed, abandoned it, and Todd only has entered his appearance in the Supreme Court. The record stood in the names of all the appellants. A motion was made to dismiss the appeal, for irregularity and want of jurisdiction; on the ground that it cannot be maintained in behalf of Todd alone. The Court refused to dismiss the appeal.

The proper rule in cases of this sort, where there are various defendants, seems to be that all the defendants affected by a joint decree, (although it may be otherwise, where the defendants have separate and distinct interests, and the decree is several, and does not jointly affect all,) should be joined in the appeal; and if any of them refuse or decline upon notice and process, (in the nature of a summons, and severance in a writ of error,) to be issued in the Court below, to become parties to the appeal, then that the other defendants should be at liberty to prosecute the appeal for themselves and upon their own account; and the appeal as to the others be pronounced to be deserted, and the decree of the Court below as to them be proceeded in and executed.

APPEAL from the Circuit Court of the United States for the district of Maine.

Mr. Davies, for the appellee, moved to dismiss the appeal. He stated that the appeal had been actually entered in the Circuit Court, in the names of the appellants mentioned on the record; but that there were other defendants in the Circuit Court, against whom the decree had been rendered, who had not joined in the appeal, not having had any regular notice of such appeal. They were Hayes, Gouch, and Westcott.

Of the above-named appellants, James Todd, alone, enters his appearance here, by his counsel, Francis O. J. Smith, Esq., who now brings up the record, and proposes to prosecute the appeal on behalf of Todd in this Court, singly, without any of the rest;

2 x 2                          66

whose names, however, (appearing in the record as appellants,) are extended on the docket by the clerk.

The counsel for Todd, by writing filed in the case here, February 16th, disclaims and disavows any and all appearance for either of the other defendants, named as appellants.

The other defendants who joined in the appeal have subsequently abandoned any further prosecution of it; and have given notice to the complainant's counsel to that effect, submitting to the decree, and some of them offering to pay their respective amounts, according to the decree of the Circuit Court; the last notice by the Mitchells being dated January 28th, 1842, at which time the appeal here had not been entered, nor the record filed.

Mr. Smith, for the appellant, James Todd, opposed the motion.

The only party here actually interested in the appeal is Mr. Todd. Although he had been only an agent in the transaction out of which the controversy involved in this suit arose, the decree of the Circuit Court affected him as principal, and subjected him to the payment of a considerable sum of money. It was to controvert this claim that the appeal had been prosecuted. If others who had been appellants had withdrawn their appeal, or if some of them did not enter an appeal, the party who now asks to maintain it should not be injured by this condition of the case.

Mr. Justice STORY delivered the opinion of the Court.

This is an appeal from the decree of the Circuit Court for the district of Maine, in a suit in equity, in which the appellants were the original defendants. After the decree was made, an appeal was claimed by all the defendants, and allowed by the Court. A part of the defendants who originally claimed the appeal before any further proceedings, abandoned their appeal; and the residue of them, excepting Todd, have, since the session of this Court, abandoned their appeal, and Todd only has entered his appearance. But the record stands in the names of all the defendants as parties appellant. Under these circumstances, the counsel for the appellee has moved the Court to dismiss the appeal for irregularity and want of jurisdiction, upon the ground that it cannot be maintained on behalf of Todd alone.

There is no doubt that the appeal having been deserted by all

the original defendants except Todd, it must be dismissed with costs as to them. But as to Todd, very different considerations must arise. He seeks to reverse the decree in the Court below, as erroneous in regard to himself; and the question is, whether he is not entitled to maintain the appeal separately, for his own interest, although it is deserted by all the other defendants. We think that he is, otherwise an irreparable injury might be inflicted upon him by an erroneous decree, for which the law would not afford him any redress. The decree in this case is in fact against him as principal, and against the other defendants in aid of him, for distinct portions of the purchase-money received by them under the contract of sale made by Todd, and stated in the bill and answer. The decree may be entirely right in regard to the other defendants, and yet it may be erroneous as to Todd. He has, or at least may have, a distinct and independent interest in the controversy in respect to which he is entitled to be heard in this Court.

The proper rule in cases of this sort, where there are various defendants, seems to be that all the defendants affected by a joint decree, (although it may be otherwise, where the defendants have separate and distinct interests, and the decree is several, and does not jointly affect all,) should be joined in the appeal; and if any of them refuse or decline upon notice and process (in the nature of a summons, and severance in a writ of error) to be issued in the Court below, to become parties to the appeal, then that the other defendants should be at liberty to prosecute the appeal for themselves and upon their own account; and the appeal as to the others be pronounced to be deserted, and the decree of the Court below as to them be proceeded in and executed. In the present case, what has occurred is equivalent to such proceedings. All the defendants originally claimed an appeal; some of them have declined to pursue it at all; others have deserted it since it was pending in this Court; and therefore, there is no pretence to say that any practical inconvenience can occur from Todd's now prosecuting it alone, and since the other defendants have all had notice and declined to interfere, and are content to abide by the original decree.

In the case of Coxe and Dick *v.* The United States, 6 Peters, 172, no doubt was entertained by this Court, that a writ of error might

be entertained by the defendants severally, where the judgment operated under the laws of Louisiana as a several as well as joint judgment, although they might have united in the writ of error; and if any one choose not to prosecute it, the others might, upon a summons and severance, proceed alone.

The case of Owings *v.* Kincannon, 7 Peters, 399, seems to have been misunderstood at the bar. The objection in that case was not that one or more of the defendants might not pursue an appeal for their own interest, if the others refused to join in it upon due notice, and process for that purpose from the Circuit Court; but that it did not appear that all the defendants were not ready and willing to join in the appeal, and that the appeal was brought by some of the appellants without giving the others an opportunity of joining in it, for the protection of their own interests; not only against the appellee, but against the appellants, as their own interests might be distinct from, or even adverse to that of the appellants; and it was right and proper that all the parties should have an opportunity of appearing before the Court, so that one final decree, binding upon all the parties having a common interest, might be pronounced.

Upon the whole, therefore, our opinion is, that the appeal must be dismissed with costs against all the defendants except Todd, and as to him it is to be retained for a hearing upon the merits.