# INLAND AND SEABOARD COASTING COMPANY *v.* TOLSON.

ERROR TO THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

No. 532. Submitted December 23, 1889. — Decided January 6, 1890.

At a special term of the Supreme Court of the District of Columbia a judgment was rendered in favor of the plaintiff against a sole defendant. The defendant appealed to the general term and gave sureties. The general term affirmed the judgment below, and entered judgment against the defendant and against the sureties. The defendant sued out a writ of error to this judgment without joining the sureties. The defendant in error moved to dismiss the writ for the non-joinder of the sureties, and the writ was accordingly dismissed. The counsel for the plaintiff in error then moved to rescind the judgment of dismissal, and to restore the case to the docket. Briefs being filed on both sides; *Held*, that the motion should be granted, and the case should be restored to the docket.

THIS cause was first tried in the Supreme Court of the District of Columbia, at special term, where the following judgment was entered :

" Now, again, come here the parties aforesaid, in manner aforesaid, and the same jury that was respited yesterday, who, after the case is given them in charge, on their oath say that they find said issue in favor of the plaintiff, and assess his damages by reason of the premises at the sum of eight thousand dollars, besides costs ; therefore it is considered that the plaintiff recover against said defendant eight thousand dollars for his damages in manner and form as aforesaid assessed and $ —— for his costs of suit, and have execution thereof."

An appeal from this judgment was taken to the general term by the defendant, the Inland and Seaboard Coasting Company, and an undertaking given as provided by the rules of court, Henry A. Willard, John W. Thompson, Samuel Norment and J. H. Baxter being the sureties.

The court in general term thereupon entered judgment as follows :

" Now again come here as well the plaintiff as the defend-

ant by their respective attorneys, whereupon it appearing to the court that the defendant's exceptions to the admissibility of evidence and to the rulings and instructions of the court in special term were not well taken; and the defendant by its counsel having, in open court, abandoned its various appeals and applications for new trial on other grounds, the motion for a new trial on exceptions is now overruled and the judgment of the court in special term is affirmed with costs. And it is further adjudged that the plaintiff recover upon his said judgment, to wit, the sum of eight thousand dollars as of the date of the said judgment of the special term and the costs as well against the said defendant, and as against Henry A. Willard, John W. Thompson, Samuel Norment and J. H. Baxter, its sureties, on said appeal to this court, and have execution against them and each of them."

The writ of error recited that the judgment to which it was directed was against the Inland and Seaboard Coasting Company; and in the citation that company was described as plaintiff in the writ, and no mention was made of the sureties.

The cause being docketed here counsel for the defendant in error, on the 21st of October, 1889, moved to dismiss the writ because the judgment was rendered against the company and the several sureties; and the sureties had not joined with the company in the writ; citing *Hampton* v. *Rouse*, 13 Wall. 187; *Masterson* v. *Herndon*, 10 Wall. 416; *Simpson* v. *Greeley*, 20 Wall. 152; *Feibelman* v. *Packard*, 108 U. S. 14; *Estis* v. *Trabue*, 128 U. S. 225; *Wilson's Heirs* v. *New York Insurance Co.*, 12 Pet. 140; *Hilton* v. *Dickinson*, 108 U. S. 165.

Counsel for plaintiff in error opposed this motion, contending as follows:

It is respectfully submitted that the judgment of the general term affirming the judgment below, which was a judgment against the defendant, the Inland and Seaboard Coasting Company, for a specific sum of money, was a separate judgment against the Inland and Seaboard Coasting Company.

The fact that the court proceeded further to *adjudge* that

the plaintiff *recover* on his *said judgment* (meaning the judgment of the special term) the amount therein named, and the costs as well against the said defendant as against its sureties and have execution against them and each of them, did not deprive the defendant of its right to a separate writ of error to the judgment that was separately against it.

The most that can be claimed as to the adjudication by the court in general term is, that it was a separate judgment against the company, and also another judgment against the sureties.

*Estis* v. *Trabue*, 128 U. S. 225, so far from supporting the motion, is authority for saying that if a judgment is " distributive " and can be regarded as containing a separate judgment against a defendant who is a principal, *and, also,* a judgment against the *sureties,* the defendant against whom the judgment is entered as a principal can have his separate writ of error.

The practice of allowing judgment on the forthcoming bond, referred to in the case of *Estis* v. *Trabue,* above, is statutory. *Amis* v. *Smith,* 16 Pet. 303.

An affirmance of a judgment or decree against sureties can only be rendered when there is a statutory provision authorizing it. *Hiriart* v. *Ballon,* 9 Pet. 156; *Beall* v. *New Mexico,* 16 Wall. 535; *Moore* v. *Huntington,* 17 Wall. 417; *Smith* v. *Gaines,* 93 U. S. 341; *Marchand* v. *Frellsen,* 105 U. S. 423.

But in the present case there was no authority of law for the entry of a judgment by the court in general term. The judgment was entered in accordance with what is believed to be a new practice under a rule of court, and the defendants had no personal knowledge that the judgment had been entered.

On the 4th of November, 1889, the court ordered the writ to be dismissed, and judgment was entered accordingly.

On the 23d of December, 1889, the counsel for the plaintiff in error moved to rescind that judgment, and to restore the case to the docket and for leave to amend the writ of error by

inserting therein as plaintiffs in error the names of the several trustees, stating that it was too late to sue·out another writ of error.

He further said: In respect of the original suit, the court in general term affirmed its judgment in special term against the plaintiff in error. It then took up and considered the undertaking, made after the judgment at special term, and rendered judgment upon that. These were in fact, and in law, two judgments. The defendants in the second judgment occupy precisely the same relation to the judgment they would occupy if, instead of a judgment rendered in the same cause on the undertaking, there was a separate suit to enforce the undertaking after a judgment rendered for the tort.

In such a suit it is plain that the parties to the undertaking could not show error in the suit in which the undertaking was given, and they can no more show it here than in such separate suit. The defendants in the undertaking are proceeded against by reason of the contract. They have said: we agree that if the judgment appealed from be affirmed, judgment may be rendered against us, and upon this contract judgment is rendered. The sureties were no parties to the tort suit, and although the plaintiff in error was a party to both, it is proceeded against in distinct capacities, in the suit, as a tort feasor, and, on the undertaking, as a party to a written contract.

In New York, an undertaking by the appellant and his sureties has, to a great extent, taken the place of a bond in error, but suit must then be brought on the undertaking.

The legal character of such an undertaking has been fully considered by the courts of that State. *Robinson* v. *Plympton*, 25 N. Y. 484; *Hinckley* v. *Kreitz*, 58 N. Y. 583.

The terms of the judgment are that the plaintiff recover upon the judgment entered at the special term against the defendant and its sureties, "*and have execution against them and each of them.*" These words authorize execution against either. At common law the execution had to be against all, although it might be levied upon any one. Where, as in this case, a judgment provides that execution may be sued out

against all or either of them, referring to the persons named in the judgment, this necessarily means that the judgment is joint and several. If it is several, then certainly each one of the persons against whom it is rendered has a right to sue out a separate writ of error in his own name.

In the case of *Estis* v. *Trabue*, 128 U. S. 225, this court said : " There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties, or as containing a judgment against the sureties payable and enforceable only on a failure to recover the amount from the claimants; *and execution is awarded against all of the parties jointly.* In such a case the sureties have the right to a writ of error."

If, however, the court shall be of opinion that the judgment referred to in the writ of error was not a separate judgment against the plaintiff in error, and a separate judgment against the persons named therein as sureties, but was a joint judgment against the plaintiff in error and the sureties, then it is submitted, that the writ of error may be amended, under the authority conferred by section 1005 of the Revised Statutes. *Pearson* v. *Yewdall*, 95 U. S. 294; *Moore* v. *Simonds*, 100 U. S. 145 ; *Knickerbocker Life Ins. Co.* v. *Pendleton*, 115 U. S. 339.

Counsel for defendant in error resisted this motion contending: The judgment of the general term of the court below is a joint judgment against the plaintiff in error, and its sureties in the undertaking on appeal. This court has already so held in this cause. Prior decisions of this court are to the same effect. *Estis* v. *Trabue*, 128 U. S. 225, and cases there cited.

By the terms of their appearance they espouse the cause of the appealing party, and join him in becoming actors in the general term, and agree to pay the judgment if they cannot succeed in having it set aside.

The court had express statutory power to make the rule, and it is binding upon the court and upon the parties. *Bank*

*of Columbia* v. *Okely*, 4 Wheat. 235; *Mills* v. *Bank of the United States*, 11 Wheat. 431; *Hiriart* v. *Ballon*, 9 Pet. 156.

The objection to the writ of error is jurisdictional and it cannot be cured by amendment. *Estis* v. *Trabue*, 128 U. S. 225; *Owings* v. *Kincannon*, 7 Pet. 399; *Wilson* v. *N. Y. Insurance Co.*, 12 Pet. 140.

In *Moore* v. *Simonds*, 100 U. S. 145, the appeal was taken in the name of a firm. But the supersedeas bond showed the names of the individual members of the firm and was executed by them. It was held that the appeal might be amended by the bond. In delivering the opinion of the court Chief Justice Waite, referring to a case in 11 Wall. 82, which had been dismissed for a similar defect, said that, "it does not appear that the defect could have been remedied by reference to anything in the *appeal papers*."

In the case of the *Knickerbocker Ins. Co.* v. *Pendleton*, 115 U. S. 339, while a part of the names of the plaintiffs below did not appear as defendants in the writ, they did appear as obligees in the supersedeas bond, and the amendment was made by that.

There is no case in this court, so far as we know, where a writ of error or appeal, defective in parties, has been amended, where there was nothing in the "*appeal papers*," by which the amendment could be made.

The supersedeas bond and citation in this case have not been printed, but they follow the writ of error in the recital of the parties to the judgment below. There is, therefore, nothing by which the amendment can properly be made.

In this case it is clear that but one of the five defendants in the court below intended to sue out the writ of error, and there was no summons and severance. The judgment referred to in the writ, bond and citation, is said to be one in which Tolson is plaintiff and the plaintiff in error is defendant. But the judgment in the record sent up in return to the writ is a judgment against plaintiff in error and four others. Clearly the writ could not confer jurisdiction upon this court to review the record of that judgment. To allow the insertion of the names of the other defendants below as plaintiffs in the

present writ would be to make a new writ and not to amend the present one, and would necessitate a new bond and citation.

· But even if the amendment be within the discretion of the court it should not be granted.

PER CURIAM. (January 6, 1890): The motion to rescind the judgment of dismissal, entered November 4, 1889; to restore the cause to the docket; and to amend the writ of error herein by inserting therein, as plaintiffs in error, the names of Henry A. Willard, John W. Thompson, Samuel Norment and J. H. Baxter is

*Granted and case returned to the docket.*

*Mr. Nathaniel Wilson* for plaintiff in error.

*Mr. Arthur A. Birney* and *Mr. Charles C. Cole* for defendant in error.