HUMES et al. v. THIRD NAT. BANK.

(Circuit Court of Appeals, Fifth Circuit. February 20, 1893.)

No. 88.

APPEAL—APPEALABLE JUDGMENTS—PARTIES—SEVERANCE

> The sureties upon a supersedeas bond, after affirmance by the appellate court, cannot have the judgment thereafter entered against them in the trial court reviewed on writ of error without joining the principal and all other defendants in the writ, or obtaining a severance or other equivalent proceedings giving them the right to proceed alone. Hardee v. Wilson, 13 Sup. Ct. Rep. 39, 146 U. S. 179, followed.

In Error to the Circuit Court of the United States for the Northern Division of the Northern District of Alabama.

Action by the Third National Bank of Chattanooga against Eugene C. Gordon. Judgment was given for plaintiff, and affirmed upon writ of error. 12 Sup. Ct. Rep. 657, 144 U. S. 97. On motion in the trial court, judgment was entered against defendant and his sureties upon the supersedeas bond, C. C. Harris and Milton Humes,

who thereupon sued out this writ of error. On motion by defendant in error to dismiss the writ for the nonjoinder of defendant below. Granted.

R. C. Brickel and W. A. Gunter, for plaintiffs in error.

William Richardson, (White & Martin, on the brief,) for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

McCORMICK, Circuit Judge. The Third National Bank of Chattanooga, in April, 1888, recovered in the circuit court of the United States for the northern division of the northern district of Alabama a judgment against Eugene C. Gordon in the sum of $5,286.67 and costs. To reverse this judgment, Gordon sued out a writ of error to the supreme court of the United States, giving a supersedeas bond, with Milton Humes and C. C. Harris sureties thereon. In March, 1892, the supreme court affirmed the judgment. In May, 1892, the certificate of affirmance and the mandate of the supreme court in common form was issued. On the 12th of October, 1892, at the regular term of the circuit court, the Third National Bank of Chattanooga, having given previous notice, moved the court for judgment against the said E. C. Gordon and his sureties on said supersedeas bond, C. C. Harris and Milton Humes. To this motion, Harris and Humes appeared and interposed a demurrer, assigning three separate causes: (1) That this court is without jurisdiction to order the issue of an execution against these defendants, as prayed for in said petition or motion; (2) that the said motion or petition does not make a case of which this court can take cognizance; (3) that the statutes of the state of Alabama allowing damages on judgments affirmed on writ of error or appeal are not applicable to judgments affirmed by the supreme court of the United States. The demurrer was overruled, and, the motion coming on to be further heard, Harris and Humes proposed to interpose a plea of payment, suggesting that since the rendition of the original judgment payments on said judgment have been made to plaintiff to a large amount, exceeding one half of the said judgment. The plaintiff denied that any such payment had been made, and the court thereupon refused to permit the said plea of payment to be interposed, or to hear any evidence touching such payments. The plaintiff in the court below (the defendant in error here) then read in evidence the supersedeas bond executed by the defendants E. C. Gordon as principal and Milton Humes and C. C. Harris as sureties, and the mandate of the supreme court of the United States, showing the judgment of the supreme court as follows:

"On consideration whereof it is now here ordered and adjudged by this court that the judgment of the said circuit court in this cause be, and the same is hereby, affirmed, with costs, and interest until paid, at the same rate per annum that similar judgments bear in the courts of the state of Alabama; and that the said plaintiff recover against the said defendant E. C. Gordon for its costs herein expended, and have execution thereof."

And the following mandate:

"You therefore are hereby commanded that such execution and proceedings be had in said cause as according to right and justice and the laws of the United States ought to be had, the said writ of error notwithstanding."

—And thereupon, without any other evidence, the court rendered judgment, and directed issue of execution against the defendants Milton Humes and C. C. Harris, as sureties on said bond, for the principal and interest and costs as shown in said judgment; the formal judgment of the court being as follows:

"It is therefore ordered, adjudged, and decreed that the plaintiff, the Third National Bank of Chattanooga, recover of said defendants, E. C. Gordon, principal, and C. C. Harris and Milton Humes, sureties, the sum of seven thousand two hundred and four and eighty-five one hundredths dollars, being said judgment and the interest thereon from date rendered to this date, October 3, 1892, and a further amount of one hundred and twenty-seven dollars, the costs herein, being in all seven thousand three hundred and thirty-one and eighty-five one hundredths dollars, for which execution will issue."

Milton Humes and C. C. Harris, without obtaining any severance as to Gordon, applied for and obtained a writ of error to this court, assigning errors as follows:

"(1) The court erred in the judgment rendered. (2) The court erred in overruling the first ground of defendants' demurrers to plaintiff's said motion. (3) The court erred in overruling the second ground of defendants' demurrers to plaintiff's said motion. (4) The court erred in overruling the third ground of defendants' demurrers to plaintiff's said motion. (5) The court erred in not allowing the defendants to file and interpose to said motion a plea alleging that since the rendition of said original judgment payments on said judgment have been made to a large amount to plaintiff, exceeding one half of said judgment. (6) The court erred in not allowing the defendants to offer evidence showing that since the rendition of the original judgment in said cause payments on said judgment have been made to plaintiff to a large amount, exceeding one half of said judgment. (7) The court erred in sustaining the motion of the plaintiff, and entering up judgment against the defendants C. C. Harris and Milton Humes."

The cause coming on for hearing, the defendant in error filed a motion to dismiss the writ of error—

"Because the defendant E. C. Gordon, against whom there is a joint judgment with plaintiffs in error, has not joined in said writ of error, and no reason is shown in the record for his not doing so, nor does the record show that any request was made of him to join, or refusal on his part to do so."

We are of opinion that the motion to dismiss the writ of error is well taken. It is apparent on the face of the record that the judgment of the court below was a joint judgment against E. C. Gordon, C. C. Harris, and Milton Humes. It is immaterial that Gordon was principal and the others sureties. If a writ of error could bring that judgment to this court,—a question not free from doubt, —the long-settled practice requires that all of the joint defendants should join in the writ, or that there should have been a summons and severance, or equivalent proceedings, to entitle the plaintiffs in error to proceed alone, and the successful party below proceed to enforce his judgment against the defendant who does not desire to have it reviewed, and this court not be required to decide a second time the same question on the same record. The following cases

amply illustrate and fully settle the doctrine and practice here stated: Owings v. Kincannon, 7 Pet. 399; Todd v. Daniel, 16 Pet. 521; Williams v. Bank, 11 Wheat. 414; Mussina v. Cavazos, 6 Wall. 355; Masterson v. Herndon, 10 Wall. 416; Feibelman v. Packard, 108 U. S. 14, 1 Sup. Ct. Rep. 138; Downing v. McCartney, appendix to 131 U. S. 98; Mason v. U. S., 136 U. S. 581, 10 Sup. Ct. Rep. 1062; and Hardee v. Wilson, (decided at the October term, 1892,) 146 U. S. 179, 13 Sup. Ct. Rep. 39,—in which all of the foregoing cases are cited and discussed, and the opinion concludes:

"The state of facts shown by the record brings the present case within the scope of the cases above cited, and it follows that the appeal must be dismissed."

On the authority of these cases, this writ of error must be, and is, dismissed.