## SLATER v. HAMACHER.

APPELLATE PRACTICE; PARTIES; AMENDMENT.

1. All defendants having joint or dependent interests in the subject matter of a decree in equity must join in an appeal therefrom, or be summoned, or requested to join in the appeal, and upon refusal a severance should be entered to enable the appellant to prosecute his appeal alone.
2. Where necessary parties have been omitted in taking an appeal, and no proceeding in the nature of a summons and severance has been had, this court may, in its discretion, allow the appellant to amend and correct his appeal by citing in the omitted parties by citation from this court, or to show that they refuse to join in the appeal.

No. 927. Submitted October 12, 1899. Decided October 17, 1899.

HEARING on a motion by the appellee to dismiss an

appeal for want of necessary parties.    *Amendment of appeal allowed.*

*Mr. J. J. Darlington* for the motion.

*Mr. O. D. Barrett* and *Mr. C. A. Keigwin* opposed.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

In this case there is a motion made to dismiss the appeal taken by the appellant, Robert Y. Slater, alone, upon the ground that the appellant was a joint party in the suit with other persons who have beneficial and substantial interest therein, and that such other persons have not been made parties to the appeal, nor have there been summons and severance, as to such parties, or any equivalent proceeding, to entitle the appellant to maintain the appeal alone.

The decree appealed from was passed upon a bill filed by the appellees, Joseph Hamacher, the Washington City Orphan Asylum, and St. John's Mite Association, against the appellant and others, to have a certain deed of conveyance set aside and vacated.    The deed was made to the appellant Slater, and he subsequently mortgaged or made a deed of trust to trustees to secure an alleged loan of money by one of the co-defendants of the appellant, and both the deed to the appellant and the subsequent mortgage or deed of trust to his co-defendant, were declared null and void by the decree; and from that decree the appellant alone, in open court, prayed for and had allowed an appeal to this court; and the prayer for the appeal being made in open court by Slater, immediately upon the passage of the decree, no citation was issued to any of the parties to the said decree, and the appeal is in this court as the appeal of Slater alone, none of the other defendants being joined with him.

In answer to the motion to dismiss the appeal, it is insisted by the appellant that he has a right to prosecute the appeal alone, and without joining the other defendants, or

any of them, in such appeal; that there is no such proceeding known to the English chancery system, which has been adopted by the United States, as summons and severance, as a mode of severing defendants on an appeal from a decree against them; that proceeding by summons and severance is practiced only upon writs of error from joint judgments rendered in the courts of common law, and has no application to an appeal from a decree in chancery; and so far as the English practice of appeal in chancery is concerned, the appellant would appear to be entirely correct. But it does not follow that in the English appellate practice there is no equivalent or corresponding proceeding to the summons and severance at the common law, to be observed in the case of an appeal from a decree in chancery, in which two or more parties may have a joint or dependent interest. The English mode of presenting an appeal from a decree in chancery is quite different from that which obtains in the Federal jurisdiction of this country. In the English chancery practice the mode of presenting an appeal to the House of Lords, as the court of dernier appeal, is by petition of appeal, which may be preferred from an interlocutory as well as from a final order; in which respect appeals from courts of equity, by petition, differ from appeals by writ of error from the judgments of the courts of law, which will lie only where the judgment is final. The reason for this distinction is stated to be that courts of equity often decide the merits of a case in intermediate orders, and the permitting of an appeal in the early stage of the proceedings frequently saves the expense of further prosecuting the suit; but in an action at law no such orders intervene, and consequently a writ of error can not be brought before final judgment. 1 Harrison's Prac. in Chancery, 675 to 680; Palmer's Prac. Ho. Lords, 1; 3 Dan. Pl. and Prac. in Chan. (2d Eng. Ed.) 1634. No appeal, however, lies from any other than a final decree in equity to the Supreme Court of the United States, unless it be given by statute; and hence

an appeal from a decree in equity to the Supreme Court has strong analogy to the proceeding on writ of error from a judgment at law.

In the petition of appeal, in the English practice, a sufficient case must be shown, both with respect to parties and subject matter, to entitle the appellate court to review the decree; and if such case be not shown by the petition, the appellee may take advantage of such defect in his answer thereto. But it appears to be the established practice of the House of Lords, that where it appears to be impossible to do justice to the appellant without extending his appeal to former orders, he should apply for liberty to amend his appeal, and such application, under proper circumstances, will be granted. *Bouchier* v. *Dillon*, 5 Bligh (N. S.), 714. And so, where parties in the court below shall have been omitted, such parties, by supplemental proceeding, may, by leave of the court, be added as parties to the appeal, after the printed case has been delivered. Palmer's Prac. Ho. Lords, 82; 3 Dan. Ch. Pl. and Prac. 1649. This is allowed not so much for the benefit of the parties who have not joined in the appeal, as to enable the appellate court to do full justice to the party filing the original petition of appeal.

In the appellate chancery practice of the courts of the United States, in cases of decrees against two or more parties having joint or dependent interest affected by the decree, the appeal can only be prosecuted by one of such defendants upon proceeding in analogy, or doing that which is equivalent to, the summons and severance on writ of error. This is required, so that the parties having the joint or dependent interest in the subject matter of the decree, may be allowed to elect whether they will join in the appeal or not. If they elect not to join, the appellant has the right to prosecute his appeal alone, notwithstanding others have joint interest in the reversal of the decree. *Todd* v. *Daniel*, 16 Pet. 521, 523. This question of practice has frequently arisen in the Supreme Court of the United States, and it is

now settled, in the practice of that court, that all the defendants having joint or dependent interest in the subject matter of the decree, must join in the appeal, or they must be summoned in or requested to join in the appeal, and upon refusal, a severance should be entered to enable the appellant to prosecute his appeal alone.

The first case in the Supreme Court, on appeal from a decree in equity, in which this question arose and was definitely decided, was the case of *Owings* v. *Kincannon*, 7 Pet. 399. That was the case of an appeal by two of six defendants—the defendants not joining in the appeal being interested in having the decree reversed. There was a motion to dismiss the appeal; and after referring to the Judiciary Act of 1789 and the subsequent act of 1803, by the latter of which acts the right of appeal was given from decrees in equity, the Chief Justice said: "This latter act declares 'that such appeals shall be subject to the same rules, regulations and restrictions as are prescribed by law in cases of writs of error.' Previous to the passage of this act, the decree under consideration could have been brought into this court only by writ of error, in which writ all the defendants must have joined. The language of the act which gives the appeal appears to us to require that it should be prosecuted by the same parties who would have been necessary in a writ of error. We think also that the same principle would be applicable from the general usage of chancery to make one final decree binding on all parties united in interest." The appeal was dismissed.

The principle of that case has been followed by the Supreme Court in all subsequent cases in which the question has arisen, and the practice may be regarded as settled for all Federal courts exercising appellate chancery jurisdiction. *Todd* v. *Daniel,* 16 Pet. 521; *Masterson* v. *Herndon,* 10 Wall. 416; *Hardee* v. *Wilson,* 146 U. S. 179; *Inglehart* v. *Stansbury,* 151 U. S. 68. And the principle of the cases cited has been fully recognized by this court in the case of *Godfrey* v. *Roessle,* 5 App. D. C. 299, 300.

In the event that it should be found, as we do find, that necessary parties were omitted in taking the appeal, the appellant moves for leave to amend and correct his appeal, by citing in the omitted parties by citation from this court; and the question is, has this court power to amend and correct the appeal in the manner proposed? We think there is ample power, as incident to the appellate jurisdiction, to allow the amendment desired; though it is entirely within the discretion of the court. As we have seen, the power of amendment, both as to subject matter and the parties, for the purpose of perfecting an appeal, and enabling the appellate court to do complete justice, resides in and is frequently exercised by the court of final appeal in England, and there is a similar power in the Supreme Court of the United States.

In the case of *Pearson* v. *Yewdall*, 95 U. S. 294, it was held, that the court may, in its discretion, and upon such terms as it may deem just, allow an amendment of a writ of error, when the statement of the parties thereto is defective. As was said in that case, the right of a party to amend is not absolute, but it is to be granted by the court in its discretion. Whether it should be granted in a particular case must depend upon the attending circumstances. See Sec. 1005, R. S. U. S.

In the case of *The Inland and Seaboard Coasting Co.* v. *Tolson*, 136 U. S. 572, an amendment of writ of error was allowed by inserting the names of several persons as additional plaintiffs in error, whose names had been omitted; and that case was taken up from the Supreme Court of this District. And as the present case might be taken up to the Supreme Court and be there subject to the power of amendment to which we have referred, we think, under the circumstances of the case, it is proper to allow the amendment to be made in this court. We therefore allow the amendment proposed to be made, provided, however, that the necessary parties be brought in and made parties to the appeal, or

evidence of their refusal to join therein be filed in the case within fifteen days hence, and that the present appellant pay all costs of the motion to dismiss and all costs that may be incurred in making the amendment in this court; and it is so ordered.