# TAYLOR *v.* LEESNITZER.*

APPEALS; SUMMONS AND SEVERANCE; EQUITY; PARTIES TO APPEAL; AP-
PEAL BONDS; RULES OF COURT.

1. Where two parties have a joint interest in the subject-matter of a
   decree, and one of them appeals without making the other a party
   to the appeal, and there has been no summons and severance, the
   appeal will be dismissed. (Following *Godfrey* v. *Roessle*, 5 App.
   D. C. 299; *Slater* v. *Hamacher*, 15 App. D. C. 294; and *Cruit* v.
   *Owen*, 21 App. D. C. 391.)

2. In equity, parties, one in interest, may be arrayed as plaintiffs and
   defendants nominally; but their true relations are taken into con-
   sideration throughout the entire transaction.

3. Where, to a bill in equity by one of two heirs of a decedent against
   his widow and the other heir, alleging that the widow had lost
   her dower right in certain land, and seeking partition by sale and
   a distribution of the proceeds thereof between the two heirs, the
   widow demurs, and, the demurrer being overruled, and she having
   elected to stand thereon, a decree for sale and such distribution is
   passed, and the widow appeals, it is not necessary for her to ob-
   tain a severance from her codefendant, but the latter and the com-
   plainant must both be made parties to the appeal, and, if one only
   is made a party, the appeal will be dismissed.

4. *Semble*, that, under ordinary circumstances, an appellate court has
   no right to look beyond the transcript as filed, and, where the
   transcript shows that an appeal bond was filed, but it is not copied
   in the transcript, it will be presumed that the bond is complete in
   all respects.

5. Where an appeal was docketed in this court as one in which there
   was only one appellee, and, on application to the clerk, by the ap-
   pellant, and without leave of the court, the docket entries were
   changed so as to name a second appellee, and the cover of the record

---

*Appeal—Parties.*—For necessary or proper parties on error or ap-
peal to Federal Supreme Court, see note to *Wedding* v. *Meyler*, 66 L.R.A.
855.

was reprinted and made to so show, and the question arose whether the appeal bond—of the filing of which in the lower court there was only a memorandum entry in the transcript—ran in favor of one or both appellees, it was *held* that the presumption was that the bond ran only in favor of the appellee first named.

6. Where a party, on an appeal from a decree which jointly affects two parties opposed to him, perfects his appeal as to one only by giving a supersedeas bond to secure him alone, this court will dismiss the appeal; and the court is powerless under its rules, on motion by the appellant, to allow the appellant to file an additional bond and cause a citation to issue to the other party and so perfect the appeal. (Citing Rule 10 of this court, and *Slater* v. *Hamacher,* supra; *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440, and *Darlington* v. *Turner,* 24 App. D. C. 573.)

7. This court has no power to set aside its rules relating to appeals. (Following *Darlington* v. *Turner,* supra.)

No. 1808.    Submitted February 13, 1908.    Decided March 31, 1908.

HEARING on a motion to dismiss an appeal.          *Granted.*

The facts are stated in the opinion.

*Mr. Edmund Burke* for the motion.

*Mr. J. Nota McGill* and *Mr. J. J. Darlington* opposed.

Mr. Justice ROBB delivered the opinion of the Court.

This is an appeal from a decree passed upon a bill filed by appellee, Mary J. Leesnitzer, against Margaret E. Taylor [the appellant] in her own right and as executrix of her deceased husband, Elizabeth E. Padgett, and Franklin C. Padgett, her husband, averring that the testator acquired the real estate described in the bill subsequently to the execution of his will, and that at his death said real estate vested in his heirs, said Mary J. Leesnitzer and said Elizabeth E. Padgett, his half sisters; that appellant had not renounced under the will within the time fixed by law, and that she had thereby become barred of dower right in said real estate; whereupon the bill prayed

that said real estate might be sold and the proceeds divided between said heirs.

Appellant interposed a demurrer to said bill, which being overruled and appellant electing to stand thereon, the court decreed said real estate to be sold and the proceeds divided between said heirs, without dower to appellant.

A motion has been made to dismiss the appeal because "Elizabeth E. Padgett, one of the defendants to the original bill, and having a substantial interest adverse to appellant in the maintenance of the decree appealed from in this cause, and who will be affected by its modification or reversal, has not been joined either as an appellee or appellant, or as a party hereto;" and "that there has been no summons and severance, or service of notification of appeal upon said Elizabeth E. Padgett."

Mrs. Padgett and her sister have a joint interest in the subject-matter of the decree appealed from, but Mrs. Padgett was not made a party to the appeal. These facts bring this case within the rule. *Godfrey* v. *Roessle,* 5 App. D. C. 299; *Slater* v. *Hamacher,* 15 App. D. C. 294; *Masterson* v. *Herndon* (*Masterson* v. *Howard*) 10 Wall. 416, 19 L. ed. 953; *Cruit* v. *Owen,* 21 App. D. C. 391.

We are constrained to dismiss the appeal with costs, and it is so ordered. *Appeal dismissed.*

On April 21, 1908, the appellant filed a motion to vacate the dismissal of her appeal, or for a modification of the decree of dismissal.

The motion was denied June 9, 1908, Mr. Chief Justice SHEPARD delivering the opinion of the Court:

The appellant has filed a motion to set aside the decree dismissing her appeal, and for a hearing on the merits, or else modifying the same so that she be permitted to correct her record by citing the omitted parties, or giving an additional bond.

This is not a case of a judgment or decree against two or

more defendants whose interests are inseparably involved, in which case to authorize an appeal by one alone there must be a summons and severance. The interests of complainant and the defendant Padgett were the same, and the latter was made a party defendant for the purpose of obtaining partition of the lands claimed by her and complainant as tenants in common. Her interests were antagonistic to those of the chief defendant, and identical with those of the complainant. She was a necessary party to the suit, and, so far as defendant Taylor was concerned in the subject-matter of the controversy, occupied the attitude of the complainant. In equity, parties one in interest may be arrayed as plaintiffs and defendants, nominally; but their true relations are taken into consideration throughout the entire proceeding. Having admitted the allegations of the bill and thereby arrayed herself in interest with the plaintiff and against the other defendant, the decree gave her all that she could expect. She had nothing that she could appeal from, and it was not necessary that defendant Taylor should obtain a severance from her in order to prosecute an appeal. That appeal, to be effective, must be against her as well as against the complainant. The decree running in favor of both, and being inseparable, it is not perceived how it could be reversed as to the one and not as to the other, or how the question involved could be adjudicated in the case of one without seriously affecting the interests of the other. The reason, therefore, for requiring both to be made parties to one appeal, is even stronger than that which requires two defendants affected alike by a decree to join in an appeal, or else sever in case one be content to abide by the result. If the notice of appeal given in open court was intended to include Mrs. Padgett also, it was as effectual against her as against the complainant. But if intended to be included, the required supersedeas bond was as important to her as to complainant, and intended equally for the protection of her interests. This bond is not copied in the transcript, as the rules do not permit it under ordinary conditions. The simple recital is: "June 2, 1907—Appeal bond filed." An inspection

of the original bond in the office of the clerk of the court be-
low shows that it was conditioned solely for the benefit of the
complainant, Leesnitzer; the defendant Padgett is not men-
tioned in it.

It is contended that this court has no right to look beyond
the transcript as filed, and that the presumption must be in-
dulged that the bond is complete in all respects. *Martin* v.
*Hunter,* 1 Wheat. 304, 361, 4 L. ed. 97, 111, is cited in
support of this contention. Without pausing to consider the
difference between the statute regulating writs of error from
the Supreme Court of the United States, which was under
consideration in that case, and the rule providing for appeals
to this court, the proposition may be conceded as sound under
ordinary conditions. But, under the conditions of this case,
the presumption as regards the recitals of the bond operates
rather against, than in favor of, the appellant. When the
transcript in this case was filed, July 17, 1907, it was en-
titled, Margaret E. Taylor, etc. v. Mary J. Leesnitzer, and
was so entered upon the docket. The usual appearence signed
by counsel for appellee was executed under that title. The
record was printed as filed, and in September a copy was de-
livered to counsel for Mrs. Leesnitzer, who also entered his ap-
pearance for her. A few days before the case was called for
hearing, counsel for the appellant informed the clerk that the
case had not been properly docketed, as Mrs. Leesnitzer was
not the only appellee, and requested that the docket and cover
of the records be corrected, making the title appear as follows:
"Margaret E. Taylor, etc. v. Mary J. Leesnitzer, Elizabeth E.
Padgett, and Franklin C. Padgett." This was done and the
·cover of the printed record was changed and reprinted as re-
quested. No application was made to the court for leave to do
this. The caption of the transcript as it came from the court
below remains unaltered. Another ˙copy with the amended
title on the cover was then delivered to counsel for Leesnitzer.
The motion to dismiss was made within twenty days there-
after. The title given by the clerk below to the transcript was
the correct one if the bond ran only in favor of Mrs. Leesnitzer,

and the presumption is that he followed the obligation of the bond. The *ex parte* amendment of the docket entry and the title on the cover of the printed record cannot have the effect to raise the counter presumption contended for. The appeal was therefore correctly dismissed.

The suggestion made on the argument of the case, that, in the event the motion be held to be well taken, the appellant may be allowed to file an additional supersedeas bond and have a citation to Mrs. Padgett and her husband, has been renewed in the present motion.

While we regret to have to dispose of an appeal save upon its merits, we do not perceive how this motion can be granted. Under the provisions of the Revised Statutes (secs. 1000, 1005, 1007, and perhaps others), the Supreme Court of the United States, has been quite liberal in indulging presumptions in favor of regularity, and in permitting amendments to writs of error and citations therein. See *Martin* v. *Hunter,* supra; *Peugh* v. *Davis,* 110 U. S. 227, 28 L. ed. 127; *Inland & Seaboard Coasting Co.* v. *Tolson,* 136 U. S. 572, 34 L. ed. 539, 10 Sup. Ct. Rep. 1063; and other cases referred to therein. In *Scruggs* v. *Memphis & C. R. Co.* 131 U. S. ccIV., Appx., and 26 L. ed. 741, an appeal bond for costs, though not signed by all of the appellants, was held to be sufficient surety. In *Shepherd* v. *Pepper,* 133 U. S. 627, 644, 33 L. ed. 706, 713, 10 Sup. Ct. Rep. 438, five defendants gave notice of appeal in open court. A supersedeas bond was required of one of them, Gray, in the sum of $100, which she had neglected to execute. She was in the appellate court on the record, no citation being necessary because of the notice and allowance of appeal having been made in open court, and the court permitted her to execute the bond *nunc pro tunc.* This had no effect to bring in a new party, but amended a defective appeal and perfected it. On the other hand, the same court has, of its own motion, dismissed appeals where a necessary party has not been brought up by the writ of error or the appeal. *Estis* v. *Trabue,* 128 U. S. 225, 229, 32 L. ed. 437, 438, 9 Sup. Ct. Rep. 58. It was held in that case that a writ of error might be amended

under sec. 1005 Rev. Stat. so as to insert the names of the individual members of a partnership, in the place of the partnership, said names appearing elsewhere in the record. There was, however, another and fatal objection, as stated by Mr. Justice Blatchford in the following words: "But there is another difficulty in the present case, which cannot be reached by an amendment in or by this court under sec. 1005. The judgment is distinctly one against 'the claimants and C. F. Robinson and John W. Dillard, their sureties in their forthcoming bond,' jointly, for a definite sum of money. There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties, or as containing a judgment against the sureties payable and enforceable only on a failure to recover the amount from the claimants; and execution is awarded against all the parties jointly. In such a case the sureties have the right to a writ of error. *Ex parte Sawyer,* 21 Wall. 235, 240, 22 L. ed. 617, 619. It is well settled that all the parties against whom a judgment of this kind is entered must join in a writ of error, if any one of them takes out such writ; or else there must be a proper summons and severance, in order to allow of the prosecution of the writ by any less than the whole number of the defendants against whom the judgment is entered. * * * Where there is a substantial defect in a writ of error which this court cannot amend, it has no jurisdiction to try the case." In *Mason* v. *United States,* 136 U. S. 581, 34 L. ed. 545, 10 Sup. Ct. Rep. 1062, certain sureties sued out a writ of error without joining the principal, and other sureties against whom judgment had gone by default. The court refused leave to amend the writ of error by adding the names of the omitted parties, or for a severance from them, and dismissed the writ of error. No motion to dismiss had been made, and the court discovered the defect on the argument.

As before said, the reasons for requiring all of the opposing parties in interest to be joined on the writ of error or appeal are stronger than those which apply to the joinder of all those

who have an interest identical with the plaintiff in error or appellant. In the latter case one who has acquiesced in the judgment below is, by the summons and severance, barred of a writ of error thereafter. Where the opposing interests are joint or inseparable, there is no question of severance; all whose interests are affected in common must be included in the writ of error or appeal. No writ of error issues from this court save to the police court in certain cases; all cases are brought up by appeal. Rule 10 of this court provides that no judgment or decree shall be reviewed unless appeal shall be taken within twenty days, Sundays excluded, after the same shall have been made or pronounced. And the appellant, to supersede the execution of the judgment or decree appealed from, shall, within such time of twenty days, file a bond conditioned for the successful prosecution of the appeal. The penalty of the bond in this case was fixed at $1,000. With the passage of the time given by the rule, the right of appeal expires. *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440, 443.

In *Slater* v. *Hamacher,* 15 App. D. C. 294, this court went very far in permitting an amendment citing in certain omitted parties, who should have been joined with the appellant, or else omitted by proper summons and severance. The decree had gone against these other defendants whose interests had been derived from the chief defendant, who alone appealed. They had acquiesced in the decree and were completely bound thereby, and the amendment cured what was considered, as shown by the authorities cited, a formal defect in the proceeding on appeal. Under the rules of the court, those parties could not have taken an appeal from the decree after the time therefor had expired, and the notice given to them was a formality. In the present case, on the other hand, the omitted party was opposed in interest to the appellant, and was the beneficiary, jointly with the appellee, of the decree sought to be reviewed. The decree being ·in her favor, she was interested in its maintenance and opposed to its review. To a proceeding to review it, she was a necessary party. As such she had the right to demand that, as to her also, the

requirement of the rule should be obeyed.  To permit her now to be brought in and made a party to the appeal would be to set aside the rule which is the law of the court as well as of the parties.  "Under former decisions this court has no power to set aside its rules relating to appeals, and to permit a bond to be filed in this court in lieu of one that should have been filed in the court below as prescribed in those rules.  *United States ex rel. Mulvihill* v. *Clabaugh,* 21 App. D. C. 440, and cases cited."  *Darlington* v. *Turner,* 24 App. D. C. 573, 592. The situation, as said in *Estis* v. *Trabue,* supra, is one that cannot be reached by amendment.  It follows that the motion and leave to amend must be denied.                    *Denied.*

An appeal by the appellant to the Supreme Court of the United States was allowed June 6, 1908.