ROBISON v. WASHINGTON RY. & ELECTRIC CO.

(Court of Appeals of District of Columbia. Submitted February 10, 1919. Decided May 5, 1919.)

No. 524.

APPEAL AND ERROR ☞323(4)—NECESSARY PARTIES—JUDGMENT FAVORABLE TO COPARTY.

Under Code of Law 1901, § 30, providing that "either party who may think himself aggrieved by the judgment" may appeal, where, in an action of tort against two defendants, the tort charged is several, and the result is a judgment in favor of one defendant and against the other, the latter may appeal from that part of the judgment against him, without joining or severing his codefendant.

At Law. Action by William Robison against the Washington Railway & Electric Company and others. On application by plaintiff for leave to docket special appeal. Denied.

Webster Ballinger, of Washington, D. C., for petitioner.

SMYTH, Chief Justice. William Robison brought action in the municipal court against the Washington Railway & Electric Company and F. L. Middleton, Arthur Middleton, and H. W. Marshall, copartners, as joint tort-feasors. The tort charged was several. There was a judgment against the Railway & Electric Company and in favor of the other defendants. The Railway & Electric Company appealed to the Supreme Court of the District, without making its codefendants parties to the appeal. Robison appeared specially and moved to dismiss the appeal. This motion was overruled, and he now makes application to this court for leave to docket a special appeal, that the action of the lower court in overruling his motion may be reviewed. He contends that the appeal of the Railway & Electric Company is void because no notice of it was given by the company to its associate defendants, no citation was issued for those defendants when the case was docketed, and no deposit of fees was made with the marshal to cover the costs of the citation as required by rule 18 of the Supreme Court. In other words, that the appellant was compelled to take up the entire judgment, including the part in favor of its codefendants, and in sup-

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

port of this contention cites sections 30, 31, 75, and 80 of the Code and rule 20 of the municipal court.

We think the action of the court below was right. Section 30 of the Code provides that "either party who may think himself *aggrieved* by the judgment or other final order" of the municipal court may appeal. Appeal from what? Clearly, from that part of the judgment which aggrieves him. The Railway & Electric Company was not aggrieved by the part of the judgment in favor of its codefendants. There was no inconsistency between liability on the part of the Railway & Electric Company and nonliability on the part of its codefendants; the tort being several, not joint. By what right could it be heard to complain of the action of the court in releasing the other defendants? We know of no principle upon which it could ask that the judgment in their favor should be set aside. Nor was it required to make any of its associate defendants a party to the appeal, for the simple reason that it sought no relief against any one of them.

Although there was but one judgment in form, there were two in effect—a judgment against the Railway & Electric Company and a judgment for its codefendants. The case comes within the doctrine of Gilfillan v. McKee, 159 U. S. 303, 16 Sup. Ct. 6, 40 L. Ed. 161, where it was said:

"The decree was several, both in form and substance, and the interest represented by each defendant was separate and distinct from that of the other. In such cases any party may appeal separately to protect his own interest. [See also] Cox v. United States, 6 Pet. 172 [8 L. Ed. 359]; Todd v. Daniel, 16 Pet. 521 [10 L. Ed. 1054]; Hanrick v. Patrick, 119 U. S. 156 [7 Sup. Ct. 147, 30 L. Ed. 396]; State Bank v. Hunter, 129 U. S. 557, 578 [9 Sup. Ct. 346, 32 L. Ed. 752]."

It may be admitted that, generally speaking, all parties should be joined in an appeal, but this, as we have just seen, does not preclude any one or more of them from prosecuting an appeal where the interests of the parties are not united.

In Raub v. Relief Association, 3 Mackey (D. C.) 68, 77, the executor of the estate of Hopkins brought action against a fraternal association upon an insurance certificate which had been issued upon the life of his testator, claiming that the money due on the certificate should be paid to him, notwithstanding that by the terms of the certificate it was payable to Mary E. Hopkins, whom he made a defendant. By the judgment of the trial court the association was directed to pay the money to the executor. Mary E. Hopkins appealed, and her right to do so without joining her associate defendant was denied by the executor. The court, recognizing the principle that ordinarily, where there is a decree against two joint defendants, one of them cannot separately appeal, said:

"This is not a case of that character. The decree was virtually a decree in favor of this executor, and against this appellant. They were the contesting parties, and when the decree said that the association should pay the plaintiff, it was really a decree against her. So that we think the case is properly here for review."

To the same effect, see Peer v. Cookerow, 14 N. J. Eq. 361, 364; Coffee v. Planters' Bank, 11 Smedes & M. 458, 465, 49 Am. Dec. 68.

The decisions cited by petitioner, to the effect that a judgment appealed from is thereby completely annulled and that under Code section 80 a trial in the Supreme Court on an appeal from the municipal court is de novo do not conflict in any wise with what we have just said. The severed part of the judgment appealed from is annulled by the appeal, and the trial of that part is to be de novo. These authorities do not mean that a party who has been unsuccessful in the low court may appeal, not only from the judgment against him, but must also appeal from a judgment in favor of another party, which in no way affects his interests.

The application is denied.