430

**PRESTON et al. v. FIDELITY & DEPOSIT CO. OF MARYLAND et al.**

No. 7494.

Circuit Court of Appeals, Sixth Circuit.

June 9, 1938.

William L. Frierson, of Chattanooga, Tenn. (W. D. Moon, William L. Frierson, Cantrell, Meacham & Moon, and Williams & Frierson, all of Chattanooga, Tenn., on the brief), for appellants.

Vaughn Miller, of Chattanooga, Tenn., (Vaughn Miller, Miller, Miller & Martin, and Floyd Estill, all of Chattanooga, Tenn., on the brief), for appellees.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

ALLEN, Circuit Judge.

*Appeal* from a decree against Charles E. Watson, a former county court clerk of Hamilton County, Tennessee, and the in-dividual sureties on his bond. Two of the sureties obtained a severance from the other surety, and appealed. Watson has not appealed, and a motion to dismiss the appeal has been filed upon the ground that he was not joined in the appeal nor detached by summons and severance. Appellants assert that Watson has no interest in their controversy on appeal, and that the motion must be denied upon the authority of Winters v. United States, 207 U.S. 564, 28 S.Ct. 207, 52 L.Ed. 340, which held that when the interest of a defendant is separate from that of other defendants, he may appeal without them.

We think the Winters Case is clearly distinguishable from that presented here. There the non-appealing defendants had failed to answer and a judgment pro confesso had been taken against them, so that they were absolutely barred and precluded from questioning the correctness of the decree, unless manifest error appeared. But here Watson is not precluded from questioning the correctness of the decree, herein and the liability of the sureties is necessarily involved with and grows out of the liability of Watson, the principal on the bond.

Appellants in effect contend that the question of their liability is a matter to be determined apart from Watson's liability, and that hence neither joinder nor severance of Watson is necessary in this appeal. But the decree holds Watson and his sureties jointly liable.

 This court cannot undertake to explore the record to ascertain what issues were relied on in the court below. It must accept the judgment as entered. Hartford Accident & Indemnity Co. v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685. Since the judgment is joint in form, and no reason appears upon its face why both Watson and the sureties might not appeal, it follows either that Watson should have joined in the appeal or that there should have been a summons and severance in order to detach Watson from his right of appeal. Humes v. Third National Bank, 5 Cir., 54 F. 917; H. E. Wolfe Construction Co. v. Fersner, 4 Cir., 58 F.2d 27; Holbrook, Cabot & Daly Contracting Co. v. Menard, 2 Cir., 145 F. 498. Cf. City of Detroit v. Guaranty Trust Co. of N. Y., 6 Cir., 168 F. 608; Oakland County, Mich., v. Hazlett, 6 Cir., 87 F.2d 795.

The motion is sustained, and the appeal is dismissed.