THE HEIRS OF NICHOLAS WILSON v. THE LIFE AND FIRE INSUR-
ANCE COMPANY OF NEW YORK.

In certain proceedings for the sale of property mortgaged, the widow and children
of the deceased owner of the property were made defendants. The district court
of Lousiana gave a judgment in favour of the plaintiffs. The widow was entitled
to her community in the property mortgaged, and had taken the property at the ap-
praisement and estimation. The writ of error to the district court of Lousiana was
issued in the name of "The heirs of Nicholas Wilson," without naming any per-
son as plaintiff. The widow of Nicholas Wilson did not join in the writ of error.
The writ of error was dismissed on the two grounds: that no person was named
in it; and that the widow of Nicholas Wilson had not joined in it.
The rule of Court is, that where there is a substantial defect in the appeal, or writ
of error, the objection may be taken at any time before the judgment; on the
ground that the case is not legally before the Court, and that it has not juris liction
to try it.
The cases of Mary Deneale and others, Plaintiffs v. Stump's Executors, 8 Peters,
526; and Owings and others v. Kincannon, 7 Peters, 399; cited.

ERROR to the district court of the United States for the eastern
district of Louisiana.

Mr. Butler, for the defendants, moved to dismiss the writ of
error.

1. Because no persons are named in the writ as plaintiffs; but
they are described, generally, as The Heirs of Nicholas Wilson.

2. That the widow of Nicholas Wilson, who is interested in the
suit, did not join in the application for the writ of error.

The motion was opposed by Coxe and Mr. Webster.

Mr. Chief Justice TANEY delivered the opinion of the Court.

The proceedings in this case were instituted in the district court
for the eastern district of Louisiana, for the purpose of procuring
the sale of certain property mortgaged by Nicholas Wilson in his
lifetime, to the Life and Fire Insurance Company of New York.
The widow and children of the deceased were made defendants in
the petition, and the judgment in the district court was in favour of
the plaintiffs. The widow, it appears, was entitled to her community

in the property mortgaged; and had taken the property of the deceased, as she had a right to do, at the appraisement and estimation.

The counsel for the defendant in error has moved to dismiss this case; 1st, Because no persons are named as plaintiffs in the writ of error; but they are described generally in the writ as " The Heirs of Nicholas Wilson." 2dly, If this general description is sufficient, yet it appears by the petition for the writ, which is referred to in the appeal bond, that the widow did not join in the application for the writ of error: and as the judgment against the defendants was a joint one, they must all join in a writ of error, unless there is a summons and severance.

We think the writ of error must be dismissed on both grounds; and that the points raised have already been decided by this Court.

In the case in 8 Peters, 526, the writ of error issued in the name of " Mary Deneale, executrix of George Deneale and others." It was dismissed on the motion of the defendants in error, and the Court said, " the present writ of error is brought by Mary Deneale ' and others' as plaintiffs; but who the others are cannot be known to the Court, for their names are not given in the writ of error, as they ought to be. Mary Deneale cannot alone maintain a writ of error on this judgment; but all the parties must be joined and their names set forth, in order that the Court may proceed to give a proper judgment in the case." In the case now before the Court, the name of no one of the parties is set forth in the writ of error; and according to the rule laid down in the case referred to, this writ of error cannot be maintained.

The second objection above stated, falls within the principle decided in Owings and others v. Kincannon, 7 Peters, 399. In that case a joint decree was passed by the circuit court for the district of Kentucky, against six defendants. An appeal was prayed generally from the decree; but in the appeal bond, it was stated that two had prayed an appeal, and nothing was there said of the others. The Court considered the statement in the bond as explaining the general entry granting the appeal; and dismissed the case because all of the defendants in the court below had not joined in it.

In the case before the Court, if the omission to name the plaintiffs in error in the writ was not regarded as an insuperable objection, and if the general description of " The Heirs of Nicholas Wilson," could be supposed under the laws of Louisiana, to include his widow; yet the statement in the petition for the writ of error which is referred

[The Heirs of Wilson v. The Life and Fire Insurance Co. of New York.]

to in the bond, would explain the general description in the writ, and bring this case within the principle decided in Owings and others v. Kincannon.

In both of the cases referred to, it appears that the motions to dismiss were not made at the first term, or at the time of appearance in this Court; but each of the cases had been depending here two years before the motion was made. The rule of this Court therefore is, that where there is a substantial defect in the appeal, or writ of error, the objection may be taken at any time before judgment, on the ground that the case is not legally before us; and that we have not jurisdiction to try it. It follows, that the writ of error in the case under consideration must be dismissed.

Mr. Justice BALDWIN dissented.


On consideration of the motion made in this cause by Mr. Butler, to dismiss this case for irregularity, on the ground that the writ of error does not set forth the names of all the parties, and of the arguments of counsel thereupon had, as well in support of as against the motion; it is now here ordered and adjudged by this Court, that this writ of error to the district court of the United States for the eastern district of Louisiana be, and the same is hereby dismissed, and that it be so certified to the said district court.