Mr. Justice CAMPBELL
dissenting.
The defendant, in the year 1828, entered upon the land conveyed to him by Nehemiah Wyman, and retained it until 1844. He then sold it as his own property, and appropriated the price to his "own use. During this whole period, there was no act on the part of Wyman from which the relation of a mortgagor or debtor can be inferred, and no account was rendered by the defendant, nor was any act performed by him inconsistent with his deed.
The evidence relied on to engraft a trust on this deed con- ■ sists of conversations reported by Nehemiah Wyman, the debtor, and his brother William, as contemporaneous with the deed, and other conversations reported by William Wyman as occurring in 1844 and 1851; and also the statements of the answer.
No intercourse between Nehemiah Wyman and the defendant took place between 1828 and 1851, directly or mediately,-relative to this subject.
The witness, Nehemiah. Wyman, is not, in my opinion, a competent witness. This suit is brought by his son upon an *303 assignment made after tbe controversy bad commenced, and with tbe acknowledged purpose of using bis father as a witness.
It was found that sufficient evidence did not exist to support tbe claim, and machinery was resorted to, calculated' to introduce tbe evils of champerty and maintenance.
The witness sold bis claim, with a concession to tbe assignee to employ him as a witness to establish it.
Such a practice bolds out to parties a strong temptation to commit perjury. (Bell v. Smith, 5 B. and C., 188, J. Bayley’s Opinion; Maury v. Mason, 8 Part., 212; Clifton v. Sharpe, 15 Ala. R., 618; 1 Penn. R., 214; 12 Pet., 140.)
■The testimony of Edward “Wyman is open to much observation ; and I feel entirely indisposed to rest a decree upon bis evidence. Nor dp I see intrinsic difficulties in the inconsistencies of tbe answer, I cannot shut my eyes to tbe fact that nothing has been done between these parties forvabove twenty-three years inconsistent with tbe relations of vendor and ven-dee, or consistent with the relations .of a creditor and debtor, except tbe detention of tbe evidence of the original debt by tbe defendant,- and tbe most important part of that evidence .was cancelled in 1880 by him.
■ I dissent 'from tbe opinion of tbe court in reference to tbe jurisdiction of tbe Circuit Court of tbe United States in Massachusetts. It is admitted that, in tbe courts of Massachusetts, this trust could not be incorporated into tbe deed. .The statute of frauds prevents it. (Walker v. Locke, 5 Cush., 90.)
This statute constitutes a rule of property for tbe State. In tbe present case, tbe subject of tbe suit is a contract made in Massachusetts, by citizens of that State, and affecting tbe title to real property there. In my opinion, tbe statute law of Massachusetts furnishes a rule of decision to tbe courts of tbe Uni-' ted States.