Mr. Justice CLIFFORD
 

 delivered the opinion of the court.
 

 Fee simple title is claimed'by the present defendants to the several tracts of land described in the declaration, and they commenced an action of ejectment to recover the possession of the same, and for the rents and profits, and for the value of certain timber which, as they allege, the defendants have cut thereon and converted to their own use.
 

 . Eight other persons besides the present plaintiff were joined as defendants in the suit, and they were all duly served with process and appeared and made defence in the first District Court of'the State where the writ was returnable.
 

 . Two defences were set up, as follows: (1.) They, the defendants, denied every allegation and averment of the declaration. (2.) They pleaded that the title to the several tracts of-land was in William A. Simpson; that he acquired the same in the manner and by the means circumstantially set forth in their second plea, and that the other defendants are in the possession of the said several tracts as tenants of the said Simpson, and have large and valuable crops growing thereon, and that they hold the same by lease from the actual owner of the title. Wherefore, they, the defendants, pray and demand judgment against the 'plaintiffs, and that the plaintiffs be enjoined and restrained from ever claiming, suing for, or setting up any title to the said several tracts, of land, or, either of them, or auy part or portion thereof, and that the-pretended estate and iuterest of the plaintiffs be determined and wholly héld for naught.
 

 
 *155
 
 Leave was granted to the’ plaintiffs by the' court to file a reply, and they, did so, as more fully appears in the record, in which they controvert' each and every of the material allegations of the answer, except that the defendants are in the possession of the premises,-and allege thatithe principal defendant acquired the possession by wrongful and unlawful means, and reassert their claim of title, as set forth in the declaration. Subsequently the parties waived a jury and went to trial before the court. Evidence wrns introduced on both sides, and the court made numerous findings of fact and several conclusions of law. Certain exceptions were also taken both 'to the rulings and the findings of the court.
 

 Some delay followed, and both parties having been fully heard the court rendered judgment a3 follows; “That the plaintiffs have and recover of arid from said defendants the lands and tenements described in the declaration. That they also have and recover of the said 'William A. Simpson the sum of $4300, the value of the rents, issues, and profits of said lands and tenements, and for the timber taken from said land by the said’ defendant. That the plaintiffs also have and recover of the other defendants the sum of $2600, to be credited as part of the said $4300, if collected, it being the value of the rents above found.”
 

 Judgment was signed on th.e 15th of November,'1870, and on the following day the defendant, William A. Simpson, filed a petition in error and a transcript of the record in the clerk’s office of the Supreme Court of the State,-in which he represents that the other defendants, naming each, will not consent to join in the petition, bht the record shows that all the.other defendants, on the 12th of January following, filed á petition.in error in the Supreme Court, praying that fhé judgment rendered in the subordinate court should be reversed for the reasons stated in the petition of the first petitioner.'.
 

 Due notice was given, by a summons issued under the first petition, to the original plaintiffs and all of the defend-ants except the first petitioner,.that the- first petitioner had filed such a petition and a transcript'of the record in-the
 
 *156
 
 clerk’s office of the State Supreme Court, but all of the persons named as defendants in the original writ are also named as such in the summons issued by the clerk of the State Su•premo Court. Service of the summons was duly acknowledged by the original plaintiffs and by all of the eight defendants who did not sign the first petition in error.' Seasonable entry of the ease was made in the Supreme Court of the State-, and the parties having been fully heard the said Supreme Court affirmed the decree of the subordinate court and sent down their mandate commanding the subordinate court to cause execution to he had of the said judgment of the said Supreme Court, according"to law.
 

 Early application was made by the present plaintiff to the clerk of the Circuit Court of the United States for that district for a writ of error, under the twenty-fifth section' of the Judiciary Act, to remove the cause into this court, and the record shows that it was duly issued and that it was properly allowed by the chief justice of the State Supreme Court.
 

 Errors of a,material character are assigned by the plaintiff as reasons for the reversal of the judgment rendered in the State courts, but it is necessary in the first place to examine the objection taken by the defendants to the jurisdiction of this court, as that objection presents a preliminary question which, if decided in favor of the defendants, will dispose of the case.
 

 They, the defendants, insist that the writ of error should be dismissed because one only of.the nine defendants in the court below is made a party in, the writ as issued by the clerk of the Circuit Court, and because only one of the number has given bond to prosecute the writ of error with effect, as required by the act of Congress in such case made and provided.
 

 "Whefe there was a joint judgment against several and one only of the defendants sued out a writ of error, without joining the others' it was decided by this court, Marshall, C. J., giving the opinion, that it was irregular, and the court
 
 *157
 
 dismissed the'writ of error.
 
 *
 
 Subsequently the same rule was applied in a case when? the cause was removed into this court by appeal, the opinion of the court being also given by the Chief Justice.
 
 †
 
 Reference was made in the opinion in that case .to the former decision, but the court, not relying merely on authority, decided that it was correct as matter, of principle that the.whole cause ought to be brought before the court at'the same time, and that all-'the parties united in interest ought to .unite..in the appeal, as appeals are subject tó the'same rules, regulations, and restrictions-as are prescribed by law in case of writs of error. Since those decisions were published the question has frequently been presented to this court, and has uniformly been determined in the same way, where it appeared that the interest was joint and that no severance had been effected oil her in the, judgment or'by subsequent summons and severance or by.some proceeding of an equivalent character.
 
 ‡
 
 Undoubtedly those cases show what, the-general rule is, but it is equally well established, where some of the parties in interest refuse to join in the writ of error or appeal, that the others are entitled to resort to the process and proceeding of summons and severance to enable-them effectually,to remove the cause from the subordinate court into the appellate-tribunal for re-examination.
 
 §
 
 Cases arise beyond all doubt where only one of several defendants is affected by the' judgment or decree, and it is well settled that in such cases the party whose interest only is affected by the alleged error may carry up the case without joining the others in the appeal or writ of error.
 
 ||
 
 Exceptional cases of the kind occasionally arise, but where the iuterest is joint and the interest of albis affected-by the judgment-, the rule is universal, that all must join in the writ of error, else it is open to the other
 
 *158
 
 party to demand that it be dismissed, unless a severance of the parties in interest has been effected by summons and severance, or by. some equivalent action appearing in the, record.
 
 *
 

 Apply, that rule to the present case, and.it is. clear that the writ of error'must be dismissed, as one only of the nine defendants in the original suit is named in the writ of error; nor is there anything in the record to take the ease out of the operation of the general rulé, as the plaintiffs in the .court below have recovered judgment for the several tracts of land described in the declaration, against all of the defendants therein joined. Separate judgment for the-damages and the whole of the rents and profits is rendered' against the present plaintiff; but .the court also rendered judgment against the other eight defendants for the amount of the rents and profits, 4o be credited to the other defendant when collected, which shows that each defendant is interested in every part of the judgment.
 

 .Viewed in the light of these suggestions, it is quité clear that the writ of error, in this case must be dismissed, as all the defendants are directly or iudireetly affected by the judgment in respect to the damages and rents, issues and profits, as well, as the judgment that the title to the lands described in the declaration is in the' present defendants. . Such a controversy cannot be -properly re-examined here by instalments, por unless all'the parties to be. affected by the result are before the court.
 

 Writ dismissed.
 

 *
 

 Williams v. Bank, 11 Wheaton, 414.
 

 †
 

 Owings
 
 v.
 
 Kincannon, 7 Peters, 402.
 

 ‡
 

 Masterson
 
 v.
 
 Herndon, 10 Wallace, 416; Hampton v. Rouse, 13 Id. 187.
 

 §
 

 Todd
 
 v.
 
 Daniel, 16 Peters, 523.
 

 ||
 

 Forgay
 
 v.
 
 Conrad, 6 Howard, 203; Germain
 
 v.
 
 Mason, 12 Wallace, 261; Cox
 
 v.
 
 United States, 6 Peters, 182.
 

 *
 

 Smyth
 
 v.
 
 Strader, 12 Howard, 327; Davenport v. Fletcher, 16 Id. 142; Heirs of Wilson
 
 v.
 
 Insurance Company, 12 Peters, 140; O’Dowd
 
 v.
 
 Russell, 14 Wallace, 402 ; Deneale
 
 v.
 
 Stump, 8 Peters, 526.