# ESTIS *v.* TRABUE.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF MISSISSIPPI.

No. 50. Argued and submitted October 31, 1888. — Decided November 19, 1888.

A writ of error, in which both the plaintiffs in error and the defendants in error are designated merely by the name of a firm, containing the expression "& Co." is not sufficient to give this court jurisdiction, but, as the record discloses the names of the persons composing the firms, the

writ is, under § 1005 of the Revised Statutes, amendable by this court, and will not be dismissed.

Where the judgment below is a money judgment against " the claimants " and their two sureties in a bond, naming them, jointly, and the sureties do not join in the writ of error, and there is no proper summons and severance, the defect is a substantial one, which this court cannot amend, and by reason of which it has no jurisdiction to try the case, and it will, of its own motion, dismiss the case, without awaiting the action of a party.

THE case is stated in the opinion of the court.

*Mr. R. O. Reynolds* for plaintiff in error submitted on his brief.

*Mr. John Mason Brown* for defendants in error. *Mr. W. V. Sullivan* filed a brief for same.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a writ of error to the District Court of the United States for the Northern District of Mississippi, brought to review a judgment recovered on the 22d of April, 1885, in the name of Trabue, Davis & Co., as plaintiffs, against Estis, Doan & Co., as claimants. The citation in the case is addressed to Trabue, Davis & Co., and states that Estis, Doan & Co. are plaintiffs in error, and Trabue, Davis & Co. are defendants in error, and refers to the judgment as one rendered against Estis, Doan & Co. The supersedeas bond refers to the judgment as one rendered in favor of Trabue, Davis & Co., plaintiffs, against Estis, Doan & Co., claimants; and to the writ of error as one obtained by Estis, Doan & Co., claimants; and it purports to be executed by J. N. Estis and J. H. Doan, members composing the firm of Estis, Doan & Co., as principals, and by two sureties; and Trabue, Davis & Co. are named as the obligees.

The original suit was an attachment suit brought in the name of Trabue, Davis & Co., against one B. F. McRae, in the Circuit Court of Tishomingo County, Mississippi, on the allegation that McRae had disposed of his property with intent to defraud his creditors. An attachment was issued,

and was served by the sheriff upon, among other things, certain personal property described by him in his return. After such return, a claim, by affidavit, was made to the personal property so attached, as the property of Estis, Doan & Co., and a forthcoming bond was given, executed in the name of Estis, Doan & Co., as principals, and C. F. Robinson and John W. Dillard, as sureties, to Trabue, Davis & Co., as obligees, conditioned for the payment by Estis, Doan & Co., to Trabue, Davis & Co., of all such damages as might be awarded against Estis, Doan & Co., in case their claims should not be sustained, and for the delivery of the property to the sheriff if their claim to it should be determined against them. On the back of the bond was indorsed an affidavit made by J. H. Doan, setting forth that he and J. N. Estis were the members who composed the firm of Estis, Doan & Co. This bond was approved by the sheriff, and the property was returned to Estis, Doan & Co.

McRae filed a plea in abatement, denying the allegation of the fraudulent assignment of his property, and then the members of the firm of Trabue, Davis & Co., giving their names as James Trabue, William A. Davis, and Richard Trabue, and stating themselves to be citizens of Kentucky and to have been such at the time the suit was brought, and McRae to have been and to be still a citizen of Mississippi, caused the suit to be removed into the said District Court of the United States. In that court a declaration was filed, in the name of the said three members of the firm of Trabue, Davis & Co., against McRae, claiming a recovery on sundry promissory notes made by McRae. On the 13th of April, 1885, upon a trial by a jury, a judgment was entered in favor of the plaintiffs against McRae, with interest at six per cent per annum from that date, and costs. On the 22d of April, 1885, after a trial before a jury of the issue between Trabue, Davis & Co., as plaintiffs in the attachment, and Estis, Doan & Co., as claimants of the attached property, a judgment was entered, which is entitled "Trabue, Davis & Co. *v.* B. F. McRae, def't, Estis, Doan & Co., cl'm'ts."

The judgment sets forth that the jury returned as their ver-

dict that they found "for the plaintiffs," and made " the following estimate of the property," specifying it by items, substantially as in the return of the sheriff to the attachment and in the affidavit of claim made on behalf of the claimants, but with different estimates of valuation. The judgment then proceeds: " It is, therefore, considered and adjudged by the court, that the plaintiffs recover of the claimants and C. F. Robinson and John W. Dillard, their sureties in their forthcoming bond, the sum of six thousand and three hundred dollars, together with the costs, both in the suit of the plaintiffs against the defendant B. F. McRae, and the costs incident to the trial of this issue, to satisfy the judgment for said sum of six thousand and three hundred dollars rendered in favor of the plaintiffs against the defendant B. F. McRae, in this court, on the 13th day of April, 1885 ; but this judgment to be satisfied upon the delivery to the marshal of the property described in the claimants' affidavit, or as much thereof as may be necessary to satisfy said judgment and the costs aforesaid, and for which let execution issue against the said — and the sureties aforesaid, unless the said property is delivered to the marshal for the sale thereof by him for the satisfaction of the judgment and costs aforesaid, which property is hereby condemned for the payment of said judgment and costs, to be sold under writ of *venditioni exponas* aforesaid."

A bill of exceptions is found in the record, raising certain questions as to the admission of evidence, and as to the charge of the court to the jury ; but, in the view we take of the case, these cannot be considered.

Since the filing of the transcript of the record in this court, the death of J. H. Doan has been suggested, and an order of this court made that the case proceed in the name of J. N. Estis, as surviving partner of the firm of Estis, Doan & Co.

As before stated, the writ of error is taken out in the name of Estis, Doan & Co., as plaintiffs in error, against Trabue, Davis & Co., as defendants in error, without naming in the writ of error the individuals who compose either of the firms.

It is well settled that this court cannot take jurisdiction of a writ of error which describes the parties by the name of

a firm, or which designates some of the parties by the expres-sion "& Co." or the expression "and others," or in any other way than by their individual names. *Deneale* v. *Archer*, 8 Pet. 526; *Heirs of Wilson* v. *Life & Fire Ins. Co.*, 12 Pet. 140; *Davenport* v. *Fletcher*, 16 How. 142; *Mussina* v. *Cavazos*, 6 Wall. 355, 361, 362; *Miller* v. *McKenzie*, 10 Wall. 582; *The Protector*, 11 Wall. 82.

As, however, the record discloses the names of the individuals who compose both of the firms, the writ of error could be amended in this court, under § 1005 of the Revised Statutes, being § 3 of the act of June 1, 1872, c. 255, 17 Stat. 196, which provides that this court may, at any time, in its discretion and upon such terms as it may deem just, allow an amendment of a writ of error "when the statement of the title of the action or parties thereto in the writ is defective, if the defect can be remedied by reference to the accompanying record," "provided the defect has not prejudiced, and the amendment will not injure, the defendant in error."

In *Moore* v. *Simonds*, 100 U. S. 145, an appeal was taken in the name of a firm, but it was taken when § 1005 was in force, and the bond showed the names of the individual members who composed the firm. This court said: "We are clear, therefore, that the defect is one that may be amended under the law as it now stands, and for that reason we will not dismiss the appeal."

But there is another difficulty in the present case, which cannot be reached by an amendment in or by this court under § 1005. The judgment is distinctly one against "the claimants, and C. F. Robinson and John W. Dillard, their sureties in their forthcoming bond," jointly, for a definite sum of money. There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties, or as containing a judgment against the sureties payable and enforceable only on a failure to recover the amount from the claimants; and execution is awarded against all of the parties jointly. In such a case the sureties have the right to a writ of error. *Ex parte Sawyer*, 21 Wall. 235, 240.

It is well settled that all the parties against whom a judgment of this kind is entered must join in a writ of error, if any one of them takes out such writ; or else there must be a proper summons and severance, in order to allow of the prosecution of the writ by any less than the whole number of the defendants against whom the judgment is entered. *Williams v. Bank of the United States*, 11 Wheat. 414; *Owings v. Kincannon*, 7 Pet. 399; *Heirs of Wilson v. Life and Fire Ins. Co.*, 12 Pet. 140; *Todd v. Daniel*, 16 Pet. 521; *Smyth v. Strader*, 12 How. 327; *Davenport v. Fletcher*, 16 How. 142; *Mussina v. Cavazos*, 20 How. 280, 289; *Sheldon v. Clifton*, 23 How. 481, 484; *Masterson v. Herndon*, 10 Wall. 416; *Hampton v. Rouse*, 13 Wall. 187; *Simpson v. Greeley*, 20 Wall. 152; *Feibelman v. Packard*, 108 U. S. 14.

Where there is a substantial defect in a writ of error, which this court cannot amend, it has no jurisdiction to try the case. *Heirs of Wilson v. Life and Fire Ins. Co.*, 12 Pet. 140. It will then, of its own motion, dismiss the case, without awaiting the action of a party. *Hilton v. Dickinson*, 108 U. S. 165, 168.

*For these reasons the writ of error is dismissed.*