AYRES v. POLSDORFER et ux.

(Circuit Court of Appeals, Sixth Circuit. December 4, 1900.)

No. 848.

1. WRIT OF ERROR—PARTIES—JOINT DEFENDANTS—NONJOINDER.
Where, in ejectment under a statute authorizing the joinder as defendants of all persons claiming an interest in the land, defendants severally pleaded title in themselves by distinct titles, and plaintiffs had judgment, a writ of error sued out by one of the defendants, in which the record did not show that the other defendant was invited to join and refused, will be dismissed, since separate pleas and defenses founded on separate rights will not make a judgment several which is rendered on a single cause of action.

2. SAME.
The fact that the defendant who did not join in suing out the writ was barred by lapse of time from doing so before the objection was raised is not ground for refusal to dismiss the writ, since the question is one of jurisdiction, and must be tested by the conditions existing when the writ was sued out.

3. SAME.
The fact that a judgment in ejectment in terms adjudged that plaintiffs recover the lands from the defendants severally is insufficient to render it one from which one defendant might sue out a writ of error alone, since, in substance and effect, the judgment is joint in operation.

4. SAME—OBJECTIONS—TIME FOR TAKING.
The objection that a writ of error from a judgment against two jointly was sued out by only one, without a proper severance, can be taken at any time before judgment is rendered thereon.

5. SAME—OBJECTION—HOW RAISED.
The objection that a writ of error from a judgment against two jointly was sued out by only one, without a proper severance, is one which may be taken by the court on its own motion.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

J. B. Heiskell and C. W. Heiskell, for plaintiff in error.

Wm. M. Randolph, George Randolph, and Wassell Randolph, for defendants in error.

Before LURTON and SEVERENS, Circuit Judges, and EVANS, District Judge.

SEVERENS, Circuit Judge. This is an action of ejectment brought by Polsdorfer and wife, the defendants in error, against Ayres, the plaintiff in error, Thomas Price, and others, to recover several thousand acres of land fronting other lands owned by the plaintiffs in the suit, on the eastern shore of the Mississippi river, in Lauderdale county, Tenn. Their right to recover the lands in question, which had been formed in the bed of the river by changes in the current and the deposit of alluvion, was rested upon the claim that they were accretions to the land which they owned along the shore. The parties defendant were made such under the provisions of the statute of Tennessee (Shannon's Code, § 4972 [3231]) which provides that, if there be no actual occupant of the lands, the action is to be brought "against any person claiming an interest therein,

or exercising acts of ownership at the commencement of the suit." The declaration alleged that the plaintiffs were at a date named "lawfully entitled in fee and were in possession" of the lands described, and then averred that "the plaintiffs being so entitled to the said property, and so in possession thereof, the said defendants, to wit, on the said 1st day of October, 1898, in the said county of Lauderdale, unlawfully and without right entered into and upon the said premises, and falsely and unjustly set up title thereto as in them, respectively, and cut timber therefrom and removed the same, and exercised acts of ownership thereof under such false and unjust claim of title, and denied and refused to recognize the claim of these plaintiffs to the title, or their possession thereunder, and wholly refused to admit and repudiated the same, as they still do." Ayres filed the general plea of not guilty, and a special plea of the statute of limitations of Tennessee. Price pleaded not guilty. For the purposes of the decision of this court, it is unnecessary to detail the proceedings in the suit which relate to or were taken by the other defendants. The case came on for trial before a jury. The plaintiffs gave evidence of their ownership of the land on the Tennessee shore, and of facts on which the accretion of the land in question was claimed to have inured to them by virtue of such ownership. The defendant Ayres (now plaintiff in error) gave evidence, to support his claim to the land, of a grant from the state of Arkansas, to a person from whom he deraigned title, of lands constituting an island or islands in the river, lying west of the middle of the channel, which constituted the boundary of the states, and of facts tending to support his contention that the lands in suit were accretions to that ownership. Price defended his claim to the lands under a grant of the lands by the state of Tennessee of recent date, contending that the plaintiff's ownership extended only to the shore, and that the made land was between that to which the plaintiff had title and the middle thread of the river, and rested upon that which had never passed from the state until its grant to that defendant. At the close of the evidence the jury, under direction of the court, rendered a verdict for the plaintiffs against both Ayres and Price for all the land claimed by each of them, except a portion claimed by Price only. The defendants excepted to this direction of the verdict. Judgment was entered thereon as follows:

"It is therefore considered, ordered, and adjudged that the plaintiffs do have and recover of and from the defendants, severally, the lands hereinbefore described, found by the verdict of the jury to belong to them in fee, and that the plaintiffs do have and retain the possession of such lands under and in accordance with their said title, and that as to the lands herein sued for, not embraced by the verdict of the jury in favor of the plaintiffs, the defendants go hence without day, and that the plaintiffs recover of the defendants all their costs herein expended, and that execution issue therefor."

Ayres tendered a bill of exceptions, which was settled and filed, and, without taking notice of Price, who appears to have been the only other contestant for the lands recovered, sued out this writ of error. Upon the hearing, counsel for defendants in error raised the objection that Ayres alone prosecuted the writ, without having obtained any order permitting him (Ayres) to proceed alone, or taking any equivalent steps in that regard to justify himself in suing out

the writ without the joinder of Price, and this presents a question which we must first consider. The rule is firmly established, at least in the appellate courts of the United States, that, where a judgment or decree is rendered against two or more jointly, all must join in suing out the writ of error or prosecuting an appeal, unless those who are not joined have been invited to come in and have refused; and proof that this has been done must be made to appear by the record of the circuit court, before a writ of error or an appeal by less than the whole can be allowed. The reasons for this, as has often been stated, are that the prevailing party to the judgment should have the right to execute it against those who do not appeal, and that neither the appellate court nor the party obtaining the judgment ought to be burdened with successive appeals upon the same matter. And, while considerable liberality has been shown in regard to the method by which the severance is effected, the rule itself has been constantly applied. The cases are too numerous, and the law and practice too well settled, to require comprehensive citation. We cite a few of the more recent: Masterson v. Herndon, 10 Wall. 416, 19 L. Ed. 953; Simpson v. Greely, 20 Wall. 152, 22 L. Ed. 338; Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437; Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; Davis v. Trust Co., 152 U. S. 590, 14 Sup. Ct. 693, 38 L. Ed. 563; Beardsley v. Railway Co., 158 U. S. 123, 15 Sup. Ct. 786, 39 L. Ed. 919. And see Mercantile Trust Co. v. Kanawha & O. Ry. Co., 7 C. C. A. 3, 58 Fed. 6,—a case decided by this court. In its enforcement a dubious question has frequently arisen, as to whether the judgment or decree was in legal contemplation a joint or several one, and in solving it the courts have looked to its substance rather than its form. See the above-cited cases, and those which follow. In many cases the rule has been held not applicable where the party claiming to be aggrieved, although he is one of several parties against whom the judgment was rendered, yet alone represents some distinct and substantive subject-matter, in which the others have no concern, or are only incidentally concerned by reason of the allowance or rejection of the claim in question. Cox v. U. S., 6 Pet. 172, 8 L. Ed. 359; Todd v. Daniel, 16 Pet. 521, 10 L. Ed. 1054; Germain v. Mason, 12 Wall. 259, 20 L. Ed. 392; Hanrick v. Patrick, 119 U. S. 156, 7 Sup. Ct. 147, 30 L. Ed. 396; Gilfillan v. McKee, 159 U. S. 303, 16 Sup. Ct. 6, 40 L. Ed. 161; The New York (decided by this court Oct. term, 1900) 104 Fed. 561. It is earnestly insisted by counsel for the plaintiff in error that this case falls within the class of cases last mentioned, because it appears that Ayres and Price founded their claim to the land upon wholly distinct and antagonistic titles. But it was the land itself which was the subject of the suit, and the titles which each of these defendants advanced amounted to no more than separate means to a joint defense. Each of these means was also available to both defendants, for the plaintiff must recover upon the strength of his own title as against all others. The rule is that separate pleas and separate defenses, founded upon distinct sources of right, do not make the judgment several, when they are brought forward in defense of a single cause of action, upon which the judgment is recovered. The res is not thereby divided. In many of

the cases already cited there was no unity of title between the parties bound by the judgment from which the appeal was taken,—cases wherein the appeal was held ineffectual, because parties not joined had an interest in the question whether the judgment should stand or be reversed.

Counsel for plaintiff in error further urges that before the objection was brought forward the time for taking a writ of error by Price had expired, and that therefore he is as effectually precluded as if he had originally been summoned and had refused to join, and, further, that no right of the plaintiff has been delayed by his nonjoinder. This answer is plausible, but it does not reach the root of the matter, which is treated as one of jurisdiction. This must be tested by the conditions existing at the time when the writ was sued out. The action had not then been severed, and, for aught that then appeared, Price might also take out a writ. And it is clear that, if the present writ was ineffectual to remove the case, it could not be made valid by mere lapse of time and the coming on of subsequent conditions. Mattox v. U. S., 156 U. S. 237, 15 Sup. Ct. 337, 39 L. Ed. 409; Wilson v. Insurance Co., 12 Pet. 140, 9 L. Ed. 1032; Estis v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437; Inglehart v. Stansbury, 151 U. S. 68, 14 Sup. Ct. 237, 38 L. Ed. 76.

The bill of exceptions was tendered by Ayres alone. The pleadings are in the statutory form, and the judgment simply responds to them. So far as we can see, no question could arise upon the record proper; and, as Price did not procure the settlement of a bill of exceptions in his behalf, there is perhaps some ground for saying that he was already disabled from prosecuting a writ of error, and that therefore a summons and severance would have been a futile performance. But, at the time when this writ of error was taken, Price, if he could not avail himself of the bill of exceptions which Ayres had procured to be settled, was not, so far as we know, debarred from procuring the settling of a bill in his own behalf, and joining in the writ of error and assigning errors thereon.

Stress is also laid upon the fact that by the language of the judgment it is adjudged in terms "that the plaintiffs do have and recover of and from the defendants severally," etc. But we think it manifest that, in substance and effect, the judgment operated against them jointly, conforming to the declaration and the verdict. In Hampton v. Rouse, 13 Wall. 187, 20 L. Ed. 593, the verdict was jointly against two defendants, but the judgment was in form against the one who brought the case up. The reporter states that the court held this a mere clerical error. The writ of error was dismissed for the nonjoinder of the other defendant.

It is a matter for regret that this defect was not brought to the attention of the court before the expiration of the time allowed by law for suing out the writ after the entry of the judgment. In these circumstances, seeing that the right to a new writ is now barred, we should have been willing, if possible, to find some ground on which to support the jurisdiction. But the objection is one which may be raised at any time before judgment is entered, and, indeed, is one of which the court may take notice sua sponte. The writ of error must be dismissed.