### COLUMBIA RIVER PACKERS' ASS'N v. McGOWAN et al.

(Circuit Court of Appeals, Ninth Circuit. October 13, 1914.)

No. 2396

APPEAL AND ERROR (§ 323*)—PARTIES—SEPARATE APPEAL BY ONE OR MORE PARTIES.

In an action for an injunction the court entered a separate judgment in favor of each of the three defendants against plaintiff in the sum of $7,361 as damages from a temporary injunction, and also a separate judgment that each defendant recover from the surety on the injunction bond the sum of $4,000, one-third the amount of the bond, which amount, it was recited, was included in the sum awarded against complainant, it being specially declared that the liability of the sureties and of the complainant was coequal to the extent of $4,000 and no more. *Held*, that an appeal by complainant would not be dismissed on the ground that the surety was a necessary party to the appeal, and that a separate appeal could not be maintained by complainant, since the decree was separate with respect to all the parties to it and distributive in its awards of damages, and from such a decree each of the judgment debtors may prosecute an appeal, and a failure to join all in an appeal is not fatal to the court's jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1796, 1798–1805; Dec. Dig. § 323.*]

Appeal from the District Court of the United States for the Southern Division of the Western District of Washington; George Donworth and Edward E. Cushman, Judges.

Action by the Columbia River Packers' Association against H. S. McGowan and others. From a judgment for defendants, plaintiff appeals. On motions to dismiss the appeal and for the issuance of a new citation. Motions denied.

G. C. Fulton, of Astoria, Or., for appellant.

Dorr & Hadley, of Seattle, Wash., and Welsh & Welsh, of South Bend, Wash., for appellees.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. On August 11, 1908, the appellant filed in the court below its amended complaint, wherein it asked for an injunction to enjoin and restrain the appellees, and Walter Bussey and I. N. Stensland, from placing in any of the waters of the Columbia river in front of or adjacent to three certain fishing sites, on Sand Island, alleged in the bill to belong to the appellant, or from maintaining in front of its premises in such waters, any obstruction whatever, and particularly the obstructions alleged in the bill to have been maintained there by the appellees, and from any interference with the free and uninterrupted ingress to and egress from such premises. A restraining order was granted by the court below, and the appellant was required to furnish a bond in the sum of $2,000, and subsequently an additional bond in the sum of $10,000. On each of these bonds the United States Fidelity & Guaranty Company became surety, "to pay all damages and costs which may accrue to the defendants by reason of said injunction or restraining order, not exceeding" the sum named in the bond. Answers and cross-complaints were filed by the appellees McGowan, Lindstrom, and Coyle (the defendants Walter Bussey and I. N. Stensland having been dismissed from the suit without costs). After a hearing before the court the restraining order theretofore issued against the appellees was dissolved, and it was ordered that the matter be referred to a special master for the taking of testimony upon the question of the damages suffered by the appellees by reason of the granting of the restraining order. In the report of the master it was found:

"That the defendants were equally interested in the fishing locations and that they should have separate judgments, each for one-third of the total amount of recovery, and each for one-third of the total costs incurred, * * * each of such judgments to be limited to $4,000 as against the bondsmen, which taken together, will make $12,000, the face of the bond."

On September 22, 1913, a final decree was entered by the court below, wherein it was ordered, adjudged, and decreed that separate judgments should be entered herein in favor of each of the defendants for one-third of the total amount of recovery, to wit, one-third of $22,083, and for one-third of the total costs incurred by the defendants, and that said judgments should also be entered against the United States Fidelity & Guaranty Company, the surety upon the injunction bonds given by the complainant in this cause, each judgment against

the surety, however, to be limited to the sum of $4,000. Thereupon the court entered a separate judgment in favor of each of the appellees, against the Columbia River Packers' Association, in the sum of $7,361, together·with the sum of $316.10, costs taxed therein, and also a separate judgment that each of the appellees recover from the United States Fidelity & Guaranty Company, surety, the sum of $4,-000, which amount it·was recited was included in the sum awarded against the complainant in each judgment, it being especially· declared that the liability of the surety and of the complainant was coequal to the extent of $4,000 and no more. From this decree and judgment the appellant has appealed to this court.

A motion to dismiss the appeal has been interposed by the appellees on the ground of failure of the appellant to include, as a party to the appeal, the United States Fidelity & Guaranty Company, the surety on the injunction bonds. The contention is that the surety company is a necessary party to the ·appeal for the reasons: First, that the judgment entered in the court below was a joint judgment against the appellant and its surety to the extent of the liability of the latter; and, second, that the record discloses that no notice was served or any attempt made to sever the interest of the appellant from that of the surety, so that a separate appeal might be maintained by the latter. The appellant meets the motion to dismiss the appeal filed by the appellees with a motion for an order directing the issuance of a new citation to the surety company. The appellees resist the motion of the appellant to thus amend its citation, and in support of their contention to dismiss the appeal they invoke the rule laid down by the Supreme Court of the United States in the case of Estes v. Trabue, 128 U. S. 225, 9 Sup. Ct. 58, 32 L. Ed. 437. In that case the writ of error was dismissed by the Supreme Court of its own motion, and the rule was there laid down that where the judgment below is a money judgment against the claimants and their sureties in a bond, naming them jointly, and the sureties do not join in the writ of error, and there is no proper summons and severance, the. defect is a substantial one which that court could not amend, and by reason of which it had no jurisdiction to try the case, and it would of its own motion dismiss the case without awaiting the action of the parties. Referring to the judgment in that case the court said:

"There is nothing distributive in the judgment, so that it can be regarded as containing a separate judgment against the claimants and another separate judgment against the sureties."

It was because the judgment in that case was joint and not distributive and separate against the claimants and sureties that it was held that' all the parties against whom the judgment had been entered had not joined in the writ of error, and the court could not therefore try the case, and the writ of error was dismissed. That is not this case. In this case we have a separate, distributive judgment fixing the amount adjudged against the complainant in favor of each of the defendants, and also fixing the amount adjudged against the surety company on the complainant's bond, and in favor of each of the defendants. These judgments are clearly the exception mentioned by

the court, where the sureties have the right to a separate writ of error or appeal, and their failure to take such appeal does not deprive the appellate court of jurisdiction of the case with respect to the other appellants.

The case of Mason v. United States, 136 U. S. 581, 10 Sup. Ct. 1062, 34 L. Ed. 545, is also cited by the appellees in support of the motion to dismiss the appeal. In that case the action was against the postmaster at Chicago and the sureties on his official bond, the alleged breach being that he had not accounted to the United States for large sums of money received by him from the sale of postage stamps and other sources connected with the postal service. The process was against the postmaster and seven of the sureties jointly. The judgment does not appear in the record, but it is to be presumed that it followed the process and was joint against all the defendants. A writ of error was taken to the Supreme Court by certain of the sureties who had appeared in the court below, without joining the principal or certain other of the sureties who had made default. The plaintiff in error moved to amend the writ of error by adding the omitted parties as plaintiffs in error, or for a severance of those parties. The motion for leave to amend the writ of error was denied and the writ dismissed. The dismissal was in accordance with the rule declared in Estes v. Trabue, supra.

The case of Inland & Seaboard Coasting Co. v. Tolson, 136 U. S. 572, 10 Sup. Ct. 1063, 34 L. Ed. 539, decided by the Supreme Court on January 6, 1890, less than one year after the rendition of its decision in Estes v. Trabue, supra, and four months prior to the decision in Mason v. United States, supra, is not easily distinguished from those two cases. In this intermediate case a judgment had been rendered in favor of the plaintiff and against a sole defendant at a special term of the Supreme Court of the District of Columbia. The defendant appealed to the General Term and gave sureties. The General Term confirmed the judgment of the lower court and entered a judgment against the defendant and against the sureties. The defendant then sued out a writ of error from the Supreme Court of the United States, without joining the sureties. The defendant in error moved to dismiss the writ for nonjoinder of the sureties, and the writ was accordingly dismissed by the court on November 4, 1889. On December 23, 1889, counsel for the plaintiff in error moved to rescind the judgment of dismissal and to restore the cause to the docket. In support of the motion it was urged, among other things, that it was too late to sue out another writ of error. Counsel for the defendant in error resisted the motion, contending that the objection to the writ of error was jurisdictional and could not be cured by amendment, calling the attention of the court to its order of November 4, 1889, in the same case, and also to its decision in the case of Estes v. Trabue, supra, rendered less than one year prior thereto. On January 6, 1890, the motion to rescind the judgment of dismissal, to restore the cause to the docket, and to amend the writ of error by inserting the names of the sureties, was granted, and the case returned to the docket. The court rendered no opinion in the case, but it seems proba-

ble that the court deemed the judgment a joint judgment, and the amendment appears to have been allowed under the provisions of section 1005 of the Revised Statutes (U. S. Comp. St. 1901, p. 714). The case is not an authority for enlarging the terms of the statute to bring in parties to a separate judgment in an equity case by the issuance of an amended citation after the time for appeal has expired.

The case of Copeland v. Waldron, 133 Fed. 219, 66 C. C. A. 271, in this court, cited by the appellees in support of the motion to dismiss, was an appeal from a joint decree. It was there held that where the record failed to show that one of the defendants was in any manner joined in the appeal, or notified to join, or severed for failure or refusal to join, the defect was not one of form only which the Circuit Court of Appeals might permit the appellants to cure by amendment under section 1005 of the Revised Statutes, but was fatal to jurisdiction on appeal. The distinction between that case and the present case is obvious. In that case the decree was joint against all the defendants. In this case the decree is separate and distinct with respect to all the parties to it, and distributive in its awards of damages and costs against each. From such a decree each of the judgment debtors may prosecute an appeal, and a failure to join all in an appeal is not fatal to the jurisdiction of this court.

The rule applicable in this case is stated in 2 Cyc. 760, as follows:

"Where a decree or judgment is several both in form and in substance, and the interest represented by each of the coparties, plaintiff or defendant, is separate and distinct from that of the others, any party may appeal or sue out a writ of error separately, to protect his own interests, without joining his coparties in the appeal, and without a summons and severance."

The motion to dismiss the appeal is denied, and the motion for the issuance of a new citation is also denied.