HIGBEE v. CHADWICK.

(Circuit Court of Appeals, Sixth Circuit.    March 12, 1915.)

No. 2544.

**1. APPEAL AND ERROR** &#9758;792—DISMISSAL ON COURT'S OWN MOTION.

Where there is a lack of jurisdiction over an appeal by one defendant because of the nonjoinder of another defendant, as to whom there was no severance, the court will not proceed, though there is no motion to dismiss.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3137–3141; Dec. Dig. &#9758;792.]

**2. APPEAL AND ERROR** &#9758;325—NECESSARY PARTIES—PARTIES HAVING NOMINAL INTEREST.

If a party who does not join in an appeal has only a nominal, and not a substantial, interest affected by the decree, his nonjoinder is not fatal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1810–1813; Dec. Dig. &#9758;325.]

**3. APPEAL AND ERROR** &#9758;907—NECESSARY PARTIES—PARTIES HAVING NOMINAL INTEREST.

At a sale under a deed of trust, the property was bid in by T., who sold his bid to H. The mortgagor sued H. and T. to vacate the sale, and the court, treating H. as the assignee of the secured debt, made a decree permitting the mortgagor to redeem, and providing for a judicial foreclosure sale in default of such redemption. The property was concededly ample to cover the amount of the foreclosure decree awarded to H. *Held* that, assuming that the omission, from the amount for which H. was given a lien, of the amount paid by him to T. above the sum due on the security, would impose such a liability on T. as would require his joinder as a party to an appeal by H., where the transcript did not show whether such amount was included, such a defect would not be presumed for the purpose of defeating jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2916, 3673, 3674, 3676, 3678; Dec. Dig. &#9758;907.]

**4. APPEAL AND ERROR** &#9758;325—NECESSARY PARTIES—PARTY AGAINST WHOM COSTS ARE AWARDED.

That a decree makes a party jointly liable for the costs does not require him to join in an appeal or to be severed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1810–1813; Dec. Dig. &#9758;325.]

**5. MORTGAGES** &#9758;378—FORECLOSURE UNDER POWER OF SALE—NECESSITY OF STRICT COMPLIANCE.

As a general rule, the foreclosure of a deed of trust by a nonjudicial public sale, there being no provision for personal notice and no redemption being permitted, is valid only if fully supported by every specified condition.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1137, 1138, 1140; Dec. Dig. &#9758;378.]

**6. MORTGAGES** &#9758;301—TENDER—NECESSITY OF DEMAND BEFORE FORECLOSURE.

Where, after the maturity of an interest coupon attached to a deed of trust, which coupon was made payable to a trust company, or bearer, at the trust company's office, the mortgagor's agent tendered the trust company his check, but the check was not taken, only because the coupon could not be found and the agent rightfully insisted upon its production, there was a tender, which, if it did not discharge the lien as to the coupon, at least suspended the lien and placed upon the holder the burden of demanding payment whenever prepared to surrender or account for the coupon, and where the only subsequent demands were a request to the **agent to pay after his authority to do so had ceased, and the mailing of**

a letter to the mortgagor at a place where she did not live, which letter never reached her, a foreclosure for nonpayment of the interest was properly vacated.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 876–881, 885, 887, 888; Dec. Dig. ☞301.]

Appeal from the District Court of the United States for the Western District of Tennessee; John E. McCall, Judge.

Suit by Mrs. Kate Bell Koser Chadwick against H. H. Higbee and another. From the decree, the defendant named appeals. Affirmed.

G. J. McSpadden, of Memphis, Tenn., for appellant.
W. A. Collier, of Memphis, Tenn., for appellee.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

DENISON, Circuit Judge. The trustees, under a trust deed given by Mrs. Chadwick, declared default and advertised and sold the property. It was bid in by Thompson, he sold his bid to Higbee, and to him the trustees deeded. Mrs. Chadwick, as a citizen of Arkansas, filed a bill in the court below against Higbee and Thompson, citizens of Tennessee, to vacate the sale. The District Court held it invalid; and, treating Higbee as the assignee of the secured debt, made a decree permitting Mrs. Chadwick to redeem on conditions stated, and providing for a judicial foreclosure sale in default of such redemption. Higbee appeals.

[1-4] The record shows that there was no severance as to Thompson. There is no motion to dismiss; but this court will not proceed, if it sees a lack of jurisdiction. If the party who does not join in the appeal has only a nominal, and not a substantial, interest affected by the decree, his nonjoinder is not fatal (Ayres v. Polsdorfer [C. C. A. 6] 105 Fed. 739, 45 C. C. A. 24; Alsop v. Conway [C. C. A. 6] 188 Fed. 572, 110 C. C. A. 366, and cases cited); and so the character of Thompson's interest in the matter adjudicated must determine the effect of his absence from this appeal record. So far as we are informed thereby, whether he has a substantial interest depends upon whether he may be required to repay the consideration received by him from Higbee; and, since the property is concededly ample to cover the amount of the foreclosure decree awarded to Higbee below, there can apparently be no such liability over, unless the $250 paid by Higbee to Thompson above the sum due on the security was omitted from the amount for which Higbee was given a lien; nor do we intend to say whether or not, even then, the liability would exist. From the transcript which has been made up, and without objection sent to this court as the record, it is impossible to determine whether this $250 was or was not so included. It follows that the record does not make clear such a substantial interest existing in Thompson as required him to join in the appeal, and we think we should not presume such a defect for the purpose of defeating jurisdiction otherwise complete. The decree also made Thompson jointly liable for the costs, but this alone does not require him to join or to be severed. Forgay v. Conrad, 6 How. 201, 203 [12 L. Ed. 404].

[5] The foreclosure which the bill sought to vacate was not a judicial proceeding, but was the customary Tennessee execution of the trust by newspaper advertising and a nonjudicial public sale. The deed requires only 3 weeks' advertising, and the statute, only 20, or perhaps 30, days'. Shannon's Code, §§ 3838, 6249. There is no provision for personal notice, and no redemption is permitted. We assume it to be the rule in Tennessee, as generally, that such strict foreclosures are valid only if fully supported by every specified condition. Shillaber v. Robinson, 97 U. S. 68, 78, 24 L. Ed. 967.

[6] The bill urged several objections; but, if any one is well taken, the others need not be considered. The loan had been made to Mrs. Chadwick by a trust company in Memphis, and was evidenced by a bond for the principal, having attached thereto coupons for the semi-annual interest—both principal and coupons being payable to the trust company or bearer, at its office. The trust company sold the mortgage to Mrs. Ensley, but guaranteed payment of the coupons, and assumed to keep charge of the collection of the interest. About March 28, 1909, it notified Mrs. Chadwick by mail that a $39 coupon would be due on that day; and thereupon she requested her agent, Mr. Armistead, to pay the same. Shortly after that date, he went to the trust company, stating that he had been so instructed, and that he desired to make such payment, and would give his check therefor, and take up the coupon. His offer was regarded as an offer of money; but the trust company did not find the coupon. Either it had not been sent in for collection, or it had been mislaid. Mr. Armistead rightfully required the production of the coupon (payable, as it was, to bearer); and this transaction was equivalent to a tender, which, if it did not discharge the lien of the trust deed as to this coupon, ought at least to suspend the lien, and put on the holder the burden of demanding payment whenever the holder was prepared to surrender or account for the coupon. There was no such subsequent demand. When, some weeks later, the coupon was found by or sent to the trust company, it requested Mr. Armistead to pay, but his authority to do so had then ceased; and no further effort to demand payment from Mrs. Chadwick was made, except by mailing her a letter on the 13th of September, telling her that, unless paid, foreclosure would be commenced on the 15th. This letter was addressed to her at some place in Arkansas where she did not live, and it is not shown to have reached her; and while she and her attorney, after they were put on inquiry, were not diligent in learning that a notice of sale was being published, yet they did not know of the proceeding till after the sale. It is clear that the nonpayment of the coupon at the place where and substantially at the time when its terms provided was due to the fault either of the owner of the security in not sending the coupon at the proper time to the proper place, or of the trust company in not being able to produce it when payment was tendered; there was no other basis for the foreclosure; and it is certain that a court of equity cannot tolerate a forfeiture resting on so unjust a foundation.

The decree below is affirmed, with costs.