Campbell, Chief Justice,
delivered the opinion of the court:
The plaintiff brought his suit on November 6, 1912, and seeks to recover the sum of $1,600, which he paid to purchase certain coal land, described as the north half of the southeast quarter of section 18, township 15 south, of range 86 west. His application to purchase was made on September 1, 1896. He was given a final receipt and certificate by the local land office upon payment of the said sum. On the same day upon which plaintiff’s application to purchase was filed a protest against its allowance was filed on behalf of the Baldwin Star Coal Co., who, or whose predecessor in title, had opened a coal mine on said land and'had made valuable improvements thereon, said company being in actual possession of the premises. The land appeared on the records of the Land Office to be vacant and free of unexpired coal declaration when plaintiff’s application was filed. He, however, knew that the coal company was in actual possession, and he was therefore chargeable with notice of its rights. His entry was subsequently canceled, as hereafter shown, under a decision of the Commissioner of the General Land Office, affirmed by the Secretary of the Interior, April 19, 1899. Thereafter plaintiff filed his application with the commissioner for repayment of the purchase money, which was denied August 9,1900. As the law then stood the right of an applicant for repayment was governed by section 2362 of the Revised Statutes and the act of June 16, 1880, 21 Stats., 287, It is very clear that any right of action which plaintiff *500 had to sue under either of said statutes in this court was perfect on August 9, 1900, when his application was denied. Rice case, 122 U. S., 617. The statute of limitations of six years commenced to run at least upon that date. It does not have to be pleaded in this court, but is jurisdictional and therefore must be taken notice of by the court. Finn case, 128 U. S., 227; Wardwell case, 172 U. S., 48, 52.
This view disposes of the contention of plaintiff that he should be allowed to recover under the operation of said statutes.
After the act of March 26, 1908, 3o Stats., 48, was passed the plaintiff filed another application for repayment of said sum, and his application was again denied by the commissioner, whose ruling was upon appeal affirmed by the Secretary of the Interior. For the reason stated, his action in this court must be controlled by the last-named act, which is broad enough in terms to authorize repayment in a proper case of moneys “ paid under any public land law ” prior to the enactment of that statute upon an application seasonably made. We may say in passing that the act of 1908 being broad in scope and more specific in some of its provisions than section 2362 of the Kevised Statutes while at the same time dealing comprehensively with the same subject matter, apparently supersedes that section. But that question is immaterial in this case. The question here is whether plaintiff ought to recover under the act of 1908. The facts found by the commissioner are controlling upon us because, if for no other reason, they are the only facts shown in the record. He denied relief to plaintiff because he found that plaintiff had not complied with the coal land laws, that his declaratory statement was false, that plaintiff had been guilty of fraud or attempted fraud in connection with his application, and that his filing was illegal. It appears .that one Sprankle had filed a declaratory statement upon certain land describing it as the south half of the southeast quarter, which by mesne conveyance had been conveyed to said coal company. The improvements made by Sprankle and his successor in title, or by one of them, were located upon the north half of said quarter section, and Sprankle or the coal *501 company had been continuously in possession of the land operating a coal mine thereon. When, upon the filing of plaintiff’s application to purchase the said north half, the coal company found that its improvements were upon that land, while its deeds and the patent to Sprankle described the land as the south half of the southeast quarter, the com pany and Sprankle took steps to have the patent corrected to describe the land of which it was in possession and which he had originally intended to declare upon and secure a patent for. This correction was opposed by Quinn, who insisted upon his right to the land. The Land Office granted relief to the coal company and canceled plaintiff’s entry.
It is manifest from the facts found that Quinn knew that the coal company’s improvements were upon the land he sought to declare upon; that said company was in actual possession of it, and that it was ignorant of the misdescrip tion of the land in the title papers. When, therefore, he filed his application on September 1, 1896, to purchase, and stated therein that he was in possession of said land, hi-, knew that statement was untrue. He did not disclose that the coal company was in possession or that its improvements, made long before were upon that land. Attempt to explain this failure to make such disclosure is made by the statement that he used a form of application prescribed by the regula tions relating to purchase in the exercise of preference right instead of another form, also prescribed by the department, that would have been better applicable to the facts of the case. But plaintiff and not the department chose the form that was used, and he could have used the proper form. It would have required disclosures not called for in the form that was used, and his failure to use it is not explained by the fact that the department prescribed different forms of application suited to different conditions.
The act of 1908 allows repayment only in cases where the applicant shall not have been “guilty of any fraud or attempted fraud ” in connection with “ the application, entry, or proof.” Manifestly a general'definition of “fraud” that will defeat an effort to secure repayment can not be given that will apply in all cases. Each case must largely depend *502 upon its own facts. It should not be-said that the mere filing of an application to purchase land of which another is in possession constitutes without more a fraud. Such a filing may be necessary to inaugurate a contest in good faith; but under the facts disclosed the plaintiff was a trespasser. Atherton v. Fowler, 96 U. S., 513; Roberts v. Gordon, 14 L. D., 475. The party in possession made good his claim to the particular land and received a patent therefor. Plaintiff’s application contained no suggestion of the coal company’s actual possession or improvements. He expected to get the benefit of their improvements. He had not made any of his own that could be said to comply with the land laws. This court, speaking through Judge Booth in Billings' case, 50 C. Cls., 328, 336, said:
“It is impossible to escape from a conclusion that Congress did not by the act of 1908 intend to indiscriminately refund all advanced payments made in pursuance of law upon a land entry upon the mere proof that the same had been made. The Land Office has given refunding acts the very widest latitude and announced most generous and equitable decisions with respect to this subject.”
In the instant case the Commissioner of the General Land Office and the Secretary of the Interior, after careful consideration, have declared that plaintiff’s filing was illegal— that his application was tainted with fraud. They apply the rule of fair dealing. In effect they declare that the applicant seeking repayment must come in with clean hands.
It can be said of the act of 1908, as was said by the Supreme Court of the act of 1880 (Colorado Anthracite Co. case, 225 U. S., 223), that it proceeds upon equitable principles and is intended to be administered accordingly. Under the facts developed, we can not say that the Land Office erred in their conclusions. It follows that the plaintiff’s petition should be dismissed, and it is so ordered.
All of the judges concur.