## WELLS v. DEMETER et al.
### No. 1367.

Circuit Court of Appeals, Tenth Circuit.
June 30, 1936.
Rehearing Denied Aug. 5, 1936.

674

John Barry, of Oklahoma City, Okl. (W. R. Bleakmore, of Oklahoma City, Okl., on the brief), for appellant.

Henry G. Snyder, of Oklahoma City, Okl. (W. A. Lybrand, of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

McDERMOTT, Circuit Judge.

This suit was brought by Demeter, the owner of $6,000.00 of nonvoting preferred stock of The Atkinson, Warren & Henley Company, against that corporation and Wells. The bill alleged that the corporation was in process of voluntary liquidation; that the preferred stock was entitled to a preference over the common stock in liquidation as well as in dividends; that it had been sold upon representations to that effect, and had been so treated by the corporation during the early stages of the liquidation; that some of the holders of the common stock had lately challenged such preferential right, and that the corporation proposed to complete the liquidation in disregard of such rights of the preferred stockholders. The prayer of the bill was that the corporation, its officers and agents, be enjoined from distributing any part of its assets to the common stockholders until plaintiff's preferred stock was paid in full.

Why Wells was joined as a party defendant we are not advised. The only allegation concerning him is that he was one of a committee of common stockholders to investigate the legal rights of the preferred stockholders, which committee had not reported. No cause of action is stated against Wells and no relief sought against him. The defendants joined in an answer. Counsel for Wells appeared at the trial.

The decree perpetually enjoined the corporate defendant from distributing any part of its assets to the common stockholders until "plaintiff shall have received, ratably with other preferred shareholders, and shall have been paid" the face value of his stock plus accumulated dividends; and, it appearing that the corporation had sufficient funds to pay in full all outstanding preferred stock, such payment was forthwith ordered.

No relief was granted against Wells, although the decree recited that Wells appeared for such of the common stockholders as opposed the claim of plaintiff, and that he excepted to the decree.

Wells appealed; the corporation did not. We have then this anomalous situation: The only relief asked for or granted was against the corporation, which has not appealed. An appeal is taken by one against whom relief was neither asked nor granted. Wells does not pretend to appeal for the corporation, and of course he could not, for, except under circumstances not present here, control of corporate litigation is vested in its governing body and not in each of its individual stockholders. Presumably the governing body believed the decree below was right; in any event, no appeal was taken nor were any steps taken which conceivably might have enabled Wells, in analogy to a stockholder's bill, to have asserted rights which properly might have been asserted by the corporation. Nor did Wells seek affirmative relief in the court below which, if denied, would have enabled him to appeal therefrom.

Wells has no authority to appeal from the decree against the corporation; there is no decree against him personally. But if the decree be treated as running sub silentio against him and the corporation jointly, then the appeal must fail because no proceedings in summons and severance were had against the corporation. A joint decree against two or more parties will not be reviewed on appeal unless all join in the appeal, or unless proceedings in summons and severance, or its equivalent, have been had against those who do not join. Hartford Accident & Ind. Co. v. Bunn, 285 U.S. 169, 52 S.Ct. 354, 76 L.Ed. 685, reviewing the earlier cases. Boynton v. Hutchinson Gas Co., 292 U.S. 601, 54 S.Ct. 639, 78 L.Ed. 1464; Texas Land & Cattle Co. v. Fort Worth, 295 U.S. 716, 55 S.Ct. 658, 79 L.Ed. 1672. Where such a situation appears, the court "will then, of its own motion, dismiss

the case, without awaiting the action of a party." Estis v. Trabue, 128 U.S. 225, 9 S.Ct. 58, 60, 32 L.Ed. 437. Our own court has twice stated the rule. Clarke v. Boysen, 39 F.(2d) 800, 821; City of Shidler v. H. C. Speer & Sons Co., 62 F.(2d) 544.

This case presents an excellent reason for the rule. The corporation not having appealed within the statutory period, the decree as to it is final, and is beyond our power to vacate. By that decree the corporation is enjoined from distributing any part of its assets to the common stockholders before the preferred stock has been paid, and is commanded forthwith to pay such preferred stock in full. Were we so disposed, we could grant appellant no relief without vacating this decree against the corporation; we cannot vacate it because no appeal was taken by the corporation.

The appeal is dismissed.